Jackson *v.* Gleason, Appellant, et al.

Argued December 5, 1935. Before FRAZER, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Harold B. Beitler,* of *Beitler & Burns,* for appellant.

*William T. Connor,* with him *John R. K. Scott,* for appellee, plaintiff below.

*George H. Detweiler,* with him *Bernard J. O'Connell,* for appellee, additional defendant below.

546

OPINION BY MR. JUSTICE DREW, January 6, 1936:

Plaintiff, an employee of the Philadelphia Rapid Transit Company, was injured as the result of a collision between a company truck, in which he was riding in the course of his employment, and an automobile driven by defendant Gleason. Upon suit for negligence being brought against him, Gleason caused a writ of scire facias to issue to bring the company upon the record as additional defendant. The allegation of the writ was that the accident was caused by the negligence of the company's servant, the driver of the truck, and that the company was therefore alone liable to plaintiff for the cause of action declared on. It appeared at the trial that plaintiff had been receiving compensation from the company since the time of the accident. The jury was instructed that it could not return a verdict against the company, and that plaintiff was entitled to recover against the original defendant if it found that the accident was caused "solely and exclusively by reason of negligence" on the latter's part. A verdict in plaintiff's favor was returned, and from the judgment thereon defendant Gleason has appealed.

The single question is whether or not the jury should have been permitted to include the additional defendant in its consideration and to determine its liability as alleged in the writ of scire facias. We think the action of the court below was clearly right. No election not to be bound by article III of the Workmen's Compensation Act (Act of June 2, 1915, P. L. 736, section 302) was made by either employer or employee, and the case was therefore within section 301 of that article, which provides that the employer's liability for compensation shall be "without regard to negligence." It is clear that the liability for compensation under the act supersedes the common-law liability for negligence: Swartz v. Conradis, 298 Pa. 343; Staggers v. Dunn-Mar Oil & Gas Co., 312 Pa. 269. A common-law action by plaintiff against the company for this accident would necessarily

fail. It follows that the company could not be "alone liable for the cause of action declared on," and that the writ of scire facias was without foundation. A verdict for plaintiff against the company could not be permitted to stand, and the instruction to the jury to exclude the company from its consideration was therefore proper. If it were otherwise, plaintiff would be allowed recovery against his employer for negligence in addition to the compensation to which he was entitled under the Workmen's Compensation Act—a result clearly contrary to the purpose of the act.

The company, by notice to Gleason, asserted its right of subrogation* to plaintiff's claim against him to the extent of compensation payable by it to plaintiff. Appellant contends that, under the trial judge's ruling, the company escapes determination by the jury of the question of its servant's negligence, and therefore is enabled to collect money from Gleason although it may itself be solely responsible for the accident. The answer is to be found in the instructions given to the jury. The trial judge charged that a verdict in plaintiff's favor might be returned "if this accident happened solely and exclusively by reason of negligence on the part of the [original] defendant," and again, that "the question narrows down simply to how did the accident happen, and did it happen solely and exclusively because of negligence on the part of the defendant, Rutherford Gleason." Under those instructions, the verdict for plaintiff must be regarded as a finding that the accident was caused solely by Gleason's negligence and that no fault on the part of the company's servant was responsible. It follows that the company has not escaped determination by the jury

---

* Section 319 of the Workmen's Compensation Act of 1915 provides in part: "Where a third person is liable to the employee or the dependents for the injury or death, the employer shall be subrogated to the right of the employee or the dependents against such third person, but only to the extent of the compensation payable under this article by the employer."

of the question of its servant's negligence, and that the inequitable situation supposed by appellant does not exist. In the light of the charge, the verdict exonerates the company, which is therefore clearly entitled to the right of subrogation given it by the statute. It is plain that the exclusion of the company from consideration as a defendant was proper.

Judgment affirmed.