John W. Brown, Jr. Equipment Rental Corp., Appellant, *v.* Dickey.

Argued September 29, 1959. Before Jones, C. J., Bell, Jones, Cohen, Bok and McBride, JJ.

*William A. Challener, Jr.,* for appellant.

*John F. Will, Jr.,* with him *Neely & Will,* for appellees.

Opinion by Mr. Justice Cohen, November 25, 1959:

David John O'Connell, an ironworker, while engaged on a construction job for his employer, Robert J. Dickey (Dickey), trading as the R. J. Dickey Company, was killed as a bundle of steel fell from a crane. The crane had been rented by Dickey from the John W. Brown Equipment Rental Corporation (Brown).

Nora J. O'Connell, Administratrix of the Estate of David J. O'Connell, brought suit in the Court of Common Pleas of Allegheny County in 1953 against Brown, who joined the employer (Dickey) as an additional defendant. On January 12, 1954, a workmen's compensation award was levied against the employer Dickey for the benefit of the deceased employee's dependents. The jury, in the common law action, after a trial of the merits of the case, found both defendants equally guilty of negligence. On July 2, 1957, the plaintiff entered judgment on the verdict equally against Brown and Dickey in the amount of $43,700. On appeal to this Court, the judgment was unanimously affirmed in *O'Connell v. Roefaro*, 391 Pa. 52, 137 A. 2d 325 (1958).

Brown thereupon discharged the judgment by payment of the full sum. The judgment was marked to the use of Brown, who then issued a writ of attachment execution sur judgment against Dickey and named the United States Fidelity and Guaranty Company, the workmen's compensation carrier for Dickey, as garnishee. The garnishee filed preliminary objections to the writ of attachment in which it contended that it was the workmen's compensation carrier for Dickey; that David J. O'Connell was an employee of Dickey; and that its liability for contribution was limited to $342, the balance of the amount due to Nora J. O'Connell under the workmen's compensation award.

The court *en banc*, held that the decision of *Maio v. Fahs*, 339 Pa. 180, 14 A. 2d 105 (1940), was con-

trolling, and ordered the writ of attachment execution dissolved upon the payment of $342. This appeal followed.

Appellant Brown does not deny that the decision in *Maio v. Fahs*, supra, if still applicable, precludes any right of contribution against Dickey in excess of the employer's workmen's compensation liability. He argues rather that the *Maio* case is erroneous and should be overruled insofar as it limits a third party tortfeasor's right of contribution, because (1) the Workmen's Compensation Act does not limit the third party tortfeasor's right of contribution; (2) if the Act were so construed, the Act would be unconstitutional; (3) the ruling in *Maio* is in direct conflict with the Uniform Contribution Among Tortfeasors Act, Act of July 19, 1951, P. L. 1130, 12 P.S. §2082-89; (4) *Maio* has been overruled in principle by later decisions of this Court and (5) the *Maio* decision has prevented settlements and encouraged litigation.

In *Maio v. Fahs*, supra, at 191-192, Mr. Justice, later Chief Justice MAXEY, explained the Court's unanimous holding thusly: "The Turner & Westcott corporation [employer] was brought into this case not by the plaintiff but by defendant Fahs. Between these two defendants an issue arose, each defendant seeking to impose on the other liability for the accident. The jury found that both were liable. . . . This finding and the judgment entered thereon is of no benefit to the plaintiff *as against Turner & Westcott, Inc.,* for plaintiff's recovery *against this additional defendant* is limited by the compensation agreement. But the judgment against Turner & Westcott is of benefit to defendant Fahs and additional defendant Chatburn [a fellow employee of Maio whose negligence contributed to the injury] in the event that plaintiff obtains satisfaction of the judgment from them or either of them, in which event plaintiff's judgment shall be marked to

the use of the paying defendant so that the latter may thereby obtain contribution from the other defendants. The limit of the contribution. . . . from Turner & Westcott is the limit of *that* defendant's liability to the plaintiff under the Compensation Act. . . . It would be repugnant to the letter and spirit of the Workmen's Compensation Act and would frustrate its purposes to hold that an employer who brings himself within the act could notwithstanding that fact be held liable to the payment of a judgment obtained by an employee against him as an additional defendant and against an original defendant, after both had been adjudged guilty of negligence resulting in the death of that employee." The reasoning and rationale of that decision is as persuasive today as it was in 1940.

Pursuant to a 1915 amendment to the state constitution, the Legislature first passed a Workmen's Compensation Law in 1915, subsequently amended several times. Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1 et seq. The Act authorized employer and employee to agree upon a system of compensation for injuries or death sustained in the course of employment, entirely different from that which had prevailed prior thereto. In the place of common law liability based on negligence, a statutory scheme of compensation was established, to be administered by a Workmen's Compensation Board. The obvious purpose of the Act was not only to limit the rights of employers and employees, but also to protect both parties from the hazards and expense of negligence litigation. As well as creating liability without fault, the Act established a standard of compensation to be paid to the employee as a ceiling on the employer's liability in such cases.

Appellant argues that the Workmen's Compensation Act does not and cannot limit the right of a third party to contribution. While the Act is mainly concerned with the relationship between employer and employee,

it is an expression of the legislative will that an employer's liability, in a case involving injury to an employee during the course of his employment is *strictly* limited to the amount of the workmen's compensation award. Since the employer has been deprived by the Act of his common law defenses, such as contributory negligence, assumption of risk and the fellow servant rule, it would be grossly inequitable to impose a common law liability upon him in the form of a judgment of contribution without permitting him to interpose any defenses. To do so would deprive appellee of his property by legislative fiat. We cannot so interpret the Workmen's Compensation Act.

The right to contribution is an *equitable* right based on a common liability to the plaintiff. Such right did not exist at early common law between joint tortfeasors. Gradually the strict rule of no contribution became riddled with exceptions. See *Goldman v. Mitchell-Fletcher Co.*, 292 Pa. 354, 141 Atl. 231 (1928). In 1939 the Legislature passed an act permitting contribution among joint tortfeasors. Act of June 24, 1939, P. L. 1075, §1. This Act was repealed in 1951 and replaced by the Uniform Contribution Among Tortfeasors Act (Uniform Act). Whether or not a right of contribution would have existed under these facts at the time of the passage of the Workmen's Compensation Act in 1915 we need not decide. It is clear that the Legislature, in passing that Act, meant to establish an elective method of eliminating all common law rights of action against the employer arising out of injuries to employees. This being so, the appellant's equitable right, bolstered by the Uniform Act must bow to the statutory right of the employer-appellee to be free from common law liability. In reading the two acts together, this is the only reasonable conclusion to be drawn. The contention that this interpretation works an unfairness on Brown, the third party tort-

feasor, by making him bear the entire verdict less the amount of the Workmen's Compensation award, is not valid. What appellant is contending for is the following situation. When the employer is the only negligent party, he need pay only his workmen's compensation liability; but if a negligent third party has contributed to the injury, the employer must pay a pro rata share of the jury verdict. We cannot arrive at such an anomalous result from a reading of the two acts. There is little evidence to be drawn from a reading of the Uniform Act to show that the Legislature intended to impose such additional liability upon a compensation employer. Had the legislature meant to make such an important change in the compensation employer's liability, it would have done so expressly in the Uniform Act.

Appellant's argument as to the constitutionality of the Workmen's Compensation Act so interpreted is without merit. He contends that the title to the Act of 1915 is violative of Article 3, §3 of the state constitution, which provides: "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." Pa. Const. Art. III, §3 (1874). The title itself refutes this contention.

"No. 338

AN ACT

*Defining the liability of an employer to pay damages for injuries received by an employe in the course of employment;* establishing an elective schedule of compensation; and providing procedure for the determination of liability and compensation thereunder." (Emphasis supplied). Act of June 2, 1915, P. L. 736.

This title so clearly and effectively expresses the subject of the legislation, the definition of an employer's liability in such cases, that any interested person

can readily ascertain the legislative purpose. And to say that the Act contains two subjects because it limits the right of contribution as to third persons is baseless indeed. The only subject involved there and here is the liability of employers in such cases.

Appellant cites language in *Puller v. Puller,* 380 Pa. 219, 221, 110 A. 2d 175 (1955), as support for the proposition that the *Maio* case has been overruled in principle by this Court. Mr. Chief Justice STERN therein stated: "Whatever may be the law in the majority of other jurisdictions, . . . it is established in our own State that a tortfeasor has a right of contribution against a joint tortfeasor even though the judgment creditor be the latter's spouse, parent, or minor child; in other words, a tortfeasor may recover such contribution even though, for some reason, the plaintiff who has obtained a judgment against both of them is precluded from enforcing liability thereunder against the joint tortfeasor. . . . The theory is that as between the two tortfeasors the contribution is not a recovery for the tort but the enforcement of an equitable duty to share liability for the wrong done."

The *Puller* case is distinguishable. There the right of contribution was upheld although the additional defendant be the plaintiff's spouse, parent or minor child. In those situations it has been held that the rule of public policy, aimed at preserving domestic tranquility, which bars the plaintiff from bringing a trespass action against such a relative, is overcome by the joint tortfeasor's statutory and equitable right to contribution. In the instant case, however, we have the elimination by statute of any trespass cause of action whatsoever against the employer, and the substitution of workmen's compensation procedures. There is no common liability based in tort, for the employer is simply not liable in tort. Cf. *Dolan v. Linton's Lunch,* 397 Pa. 114, 152 A. 2d 887 (1959). He retains only the

statutory liability. To allow the third party tortfeasor even the limited right of contribution up to the amount of the employer's workmen's compensation liability, as we do in Pennsylvania, is most generous indeed. He is not so well treated in other jurisdictions. See Anno., 53 A.L.R. 2d 977 (1957).

It is pertinent to point out that this Court in *Shaull v. A. S. Beck New York Shoe Co., Inc.*, 369 Pa. 112, 85 A. 2d 698 (1952), re-affirmed the holding in *Maio*. In doing so, however, the Court neglected to spell out the important qualifications to the third person's right of contribution. That right to contribution extends only to the amount of workmen's compensation liability. The holding of the court below that the writ be discharged upon payment of the balance of the compensation award was correct.

Our decision today, rather than impeding settlements and encouraging litigation, will have the effect of clearing up any possible confusion which may have existed as to the validity of *Maio*. If the compensation employer is thought to have a first lien because of his right to recover any compensation payments already paid out when the verdict is against the third party alone, this is because the Workmen's Compensation Act itself gives him that lien.[1]

We have re-examined *Maio v. Fahs,* supra, in great detail. We have looked to the Uniform Contribution Among Tortfeasors Act, passed subsequent thereto, and found it inapplicable under these facts because of the lack of a joint liability. The limited right of contribution that does exist in Pennsylvania is based

---

[1] "Section 319

SUBROGATION OF EMPLOYER

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe. . . ."

on the equitable principle that the plaintiff should not recover twice for the same wrong.

Order affirmed.

———

CONCURRING OPINION BY MR. JUSTICE BENJAMIN R. JONES:

While I believe that in the present posture of the law the result reached by the majority of this Court is correct, yet I strongly believe that the result is inequitable and unfair. The jury found Brown and Dickey *equally* liable to the injured person: under the result reached Brown must pay in discharge of this *equal* liability more than 90% of the amount of the verdict, a most shocking situation. To correct such a situation appropriate legislation is required.

Mr. Justice BELL joins in this opinion.