Winters, Appellant, v. Herdt.

Argued March 16, 1960. Before JONES, C. J., MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Charles McC. Barrickman,* with him *James B. Ceris,* and *Wallover and Barrickman,* for appellants.

*Edward J. McClain,* with him *Ledebur, McClain & Ledebur,* for appellee.

OPINION BY MR. JUSTICE BOK, June 29, 1960:

One young man was killed and another injured when the agent of Herdt, original defendant, maladroitly cut the supporting bands of a kiln and it collapsed.

The administratrix and the injured man sued Herdt, who brought in as additional defendant Friedl-Elverson Pottery Company, on whose property the accident occurred and who employed the men. At the trial the jury awarded the injured plaintiff $50,000 and the administratrix plaintiff $20,665.63 against the additional defendant and exonerated the original defendant. Judgments were taken on these verdicts. The additional defendant then moved to mark the judgments satisfied. The court below made absolute the rule to do this and the plaintiffs have appealed.

The reasons for the court's action were that an award of workmen's compensation was made to each.

man, that these awards are being paid, and that they supersede the common law remedy for negligence.

It appears that in the compensation proceedings the parties stipulated that the injured men were employees of the additional defendant and that the awards were made on that basis.

The plaintiffs argue that an award by agreement or stipulation is not *res adjudicata* and can be set aside for mistake of fact or law; that the true nature of the relationship of the plaintiffs with the additional defendant was that of contractor and contractee; and that by introducing evidence as to independent contractorship, at the hearing on the rule to mark the judgments satisfied, the additional defendant waived its right to assert the doctrine of *res adjudicata* or collateral estoppel.

In the pleading between the original and additional defendants it was the former who averred that the working relationship of the plaintiffs was not that of employer and employe. That the additional defendant then sought to prove this position with evidence was an error in battle tactics, since it was unaffected by the negligence judgments, but it probably wanted to make assurance doubly sure, since the verdicts were against it alone, and tie in its fellow defendant on any handy theory: but this does not, in our opinion, change the picture. The reason for the original defendant's raising the question of relationship was to preserve its right to contribution in case of a verdict against both defendants, since its claim against the additional defendant was limited by the compensation agreement: *Maio v. Fahs*, 339 Pa. 180 (1940), 14 A. 2d 105. As the court below well said: "Friedl-Elverson could not in the action claim the benefit of the Workmen's Compensation award; the stipulations are clear on that. The laws of the State are no less clear. There was

no question submitted to the jury as to relationship between the plaintiffs and Friedl-Elverson. It was agreed the plaintiffs were lawfully on the premises. To conclude from the verdict the jury found the plaintiffs independent contractors is to contend for something that is not in the record. The record does not support the plaintiffs' contention, nor do the pleadings, that Friedl-Elverson voluntarily opened an investigation of the relationship between the plaintiffs and themselves as a defense. They would not have been permitted to do so had they tried."

In that action, i.e., for negligence, the employment status of the plaintiffs could not have been disclosed to the jury: *McIntyre v. Strausser*, 365 Pa. 507 (1950), 76 A. 2d 220. Not only did the plaintiffs, as employees, have no right of action at law against their employer, under the *Maio* case, but evidence of their status as employees would have been irrelevant, since defendants' duty to an employee and to an independent contractor, both business visitors to the premises, was precisely the same.

In *Socha v. Metz*, 385 Pa. 632 (1956), 123 A. 2d 837, we said, by the present Chief Justice: "It necessarily follows that the sole procedure available to the plaintiff for the recovery of damages from the employer for her husband's death from injuries received in the course of his employment was by virtue of the Workmen's Compensation Act and by that alone.

"It so happens, however, just as in the instant case, that an employer may be required to defend his employee's trespass action for personal injuries received in the course of his employment when the employer is summoned as an additional defendant or is sued jointly with another for such injuries. But, that procedure is for the sole and exclusive purpose of protecting the original or third-party defendant's right of

contribution from the employer and does not ascribe to the employee or his representative a common law right against his employer for damages for injuries suffered in the course of his employment. Such was plainly recognized by this court in Maio v. Fahs, 339 Pa. 180, 14 A. 2d 105."

And on the point that the judgments are nullities vis-a-vis the additional defendant, the *Socha* opinion adds: "The City has never assailed the validity of the judgment but merely contends that it imposes no liability on the defendant employer so far as the plaintiff is concerned. When a judgment at law has no standing as an enforceable liability of the one against whom it is entered, the equity powers of the court are called into play to the end that execution on the judgment be denied and that it be marked satisfied. . . ."

As for the plaintiffs' argument that the additional defendant is estopped to interpose the bar of the workmen's compensation awards, the court below has decisively disposed of it as follows: "Of course if the employer were estopped by his conduct at the trespass trial we might have a different problem before us, but we note not one element to support a theory of estoppel. It did not voluntarily refrain from setting up at the trial its defense of a workmen's compensation award or the employer-employee relationship between the parties. It was obliged to do what it did as a matter of law. If the doctrine of estoppel is applicable to either party it is applicable to the plaintiffs, who declared under oath at the workmen's compensation hearings that the relationship between Friedl-Elverson Pottery Company on the one hand and Winters and Smith on the other hand was that of employer and employee. The additional defendant, by its insurance carrier, has abided by the judgment of the Workmen's Compensation Board by paying, as required, ever since

June, 1956. No direct attack has been made against those judgments even to this date on the grounds of fraud or otherwise. The plaintiffs cannot eat their cake and have it."

We also invite attention to our recent decision, upholding the above principles, in *J. W. Brown Equipment Corp. v. Dickey*, 397 Pa. 454 (1959), 155 A. 2d 836.

We are impelled to the reflection, in conclusion, that if the jury's verdicts had been less than the compensation awards, the case would not be here.

The order is affirmed, costs to be paid by appellants.