## Eichman v. Buss

*Robert H. Jordan*, for plaintiffs.

*Boyd H. Walker*, for defendants.

KOCH, J., June 27, 1961.—Plaintiffs filed a complaint in trespass seeking damages for injuries sustained by

plaintiff, Virginia D. Eichman, who was a passenger in a motor vehicle operated by defendant, Carrie Buss, and which became involved in an intersection accident with a car operated by defendant, Marie Bloch.

The following preliminary objection in the nature of a demurrer has been filed by defendant, Carrie Buss:

"Plaintiffs are precluded from bringing this action against Carrie Buss inasmuch as at the time of the accident referred to in the Complaint, Plaintiff, Virginia D. Eichman, was an employee of Defendant, Carrie Buss, and, therefore, precluded by the Workmen's Compensation Act from common law remedies."

A reading of the complaint fails to reveal any reference to the relationship between Virginia D. Eichman and Carrie Buss other than that she was a passenger. More particularly, there is no allegation with respect to employer and employe which would bring into focus such cases as John W. Brown, Jr. Equipment Rental Corp. v. Dickey, 397 Pa. 454, cited by defendant.

The preliminary objection before us is clearly a speaking demurrer, since it avers facts not already apparent on the face of the record. In Bonanni v. Weston Hauling, Inc., 392 Pa. 248, Mr. Justice Musmanno said, page 250:

"What this Court stated in Detweiler v. Hatfield Boro. Sch. Dist., 376 Pa. 555, 558, is still law: '. . . The time honored principle that in passing on a demurrer a court cannot consider matters collateral to the pleading opposed but only such matters as arise out of the statement of claim or complaint itself, is still preserved under Pa. R. C. P. 1017. (See Goodrich-Amram Civil Practice section 1017(b)-11.' "

See also Kleinwaks v. Shiner (No. 1) 10 D. & C. 2d 301; 2 Anderson Pa. Civ. Pract. page 512 (1960 Edition). It is obvious, in the light of these principles,

that this demurrer cannot be employed to raise the question of workmen's compensation.

The suggestion set forth in 2 Anderson Pa. Civ. Pract. page 516 (1960 ed.), is pertinent:

"Instead of filing a speaking demurrer, a defendant should file an answer containing new matter and then if the plaintiff cannot plead sufficiently thereto the defendant may file a motion for judgment on the pleadings. The defect, however, of being a speaking demurrer is not fatal, except as to the demurrer itself, and the pleader may plead the improperly-included facts in a later responsive pleading."

Since plaintiffs' complaint is self-sustaining the preliminary objection must be overruled.

### Order

Now, June 27, 1961, defendant, Carrie Buss' preliminary objection in the nature of a demurrer is overruled and defendants may file an answer on the merits within 20 days after service of this order upon their counsel if they so wish.