Edward J. **BANASCHOSKI, Jr.,**
Plaintiff,

v.

**GENERAL DELIVERIES, INC.,** a foreign corporation, **Defendant and Third-Party Plaintiff,**

v.

**PENNSYLVANIA TURNPIKE COMMISSION,** Third-Party Defendant.

Civ. A. No. 63-605.

United States District Court
W. D. Pennsylvania.

Feb. 5, 1964.

350

Ben Paul Jubelirer, Pittsburgh, Pa., for plaintiff.

William J. Lancaster, Pittsburgh, Pa., for defendant.

Thorp, Reed & Armstrong, Pittsburgh, Pa., for third-party defendant.

MARSH, District Judge.

In this diversity action based upon the alleged negligence of the original defendant in a vehicular mishap on the Pennsylvania Turnpike, said defendant has impleaded the Pennsylvania Turnpike Commission for contribution. The plaintiff, an employee of the Commission, is alleged to have been injured in the accident while in the course of his employment. The Commission has now moved for dismissal of the impleader action on the ground that this court has no jurisdiction over it by reason of its sovereign immunity.

The Supreme Court of Pennsylvania, in Rader v. Pennsylvania Turnpike Commission, 407 Pa. 609, 182 A.2d 199 (1962), has held that "the Pennsylvania Turnpike Commission possesses the same immunity from liability in trespass actions arising out of the negligence of its agents and employees in the maintenance of the highway as does the Commonwealth" (182 A.2d at p. 205); that the language of the statutes [1] authorizing construction of segments of the highway by the Commission, insofar as that language states that the Commission "may sue and be sued", "was not intended as a general waiver of immunity from trespass suits, but *applies only to those actions necessary to carry out the ordinary business and functions of the Commission or Agency*" (182 A.2d p. 202). (Emphasis in original.)

The Commission contends that since the third-party plaintiff's alleged right to recover contribution is predicated upon a judicial determination that the third-party plaintiff and the Commission are commonly liable in tort to the plaintiff, the Rader decision should operate to foreclose such a claim as readily as if this plaintiff or any other plaintiff had sued the Commission directly.

However, this plaintiff is not the same as any other plaintiff. He is an employee of the Commission, and the Commission, as his employer, is within the terms of the Workmen's Compensation Act, 77 Purdon's Pa.Stat.Ann. § 461. In these circumstances, we deem apt the language of Mr. Justice Cohen in Brown v. Dickey, *397 Pa. 454, 155 A.2d 836* (1959):

"In the instant case  *  *  *  we have the elimination by statute of any trespass cause of action whatsoever against the employer, and the substitution of Workmen's Compen-

[1.] These statutes are listed in Rader v. Pennsylvania Turnpike Commission, supra, 182 A.2d at page 201, f.n. 2.

sation procedures. There is no common liability based in tort, for the employer is simply not liable in tort. [Citation omitted.] He retains only the statutory liability. * * *

" * * *

" * * * The limited right of contribution that does exist in Pennsylvania is based on the equitable principle that the plaintiff should not recover twice for the same wrong." (155 A.2d 836, at p. 840.)

It thus appears that in a tort claim the impleading of the plaintiff's employer is permissible, not upon a theory of common liability in tort, since there is none, but "on the equitable principle that the plaintiff should not recover twice for the same wrong".

We realize that contribution cannot be recovered in the third-party action without a finding that the accident was caused by the joint negligence of the employees of both the defendant, General Deliveries, and the Commission. But, it is to be observed that the object of the third-party action is not to determine whether the Commission is jointly *liable in tort* but is to determine whether the Commission shall continue to make compensation payments to its injured employee, or is obliged to make contribution to a joint tortfeasor who pays the judgment to the plaintiff-employee,[2] or is entitled to recover by way of subrogation[3] the compensation payments already made by it to its injured employee. Thus, the outcome of the third-party suit would determine the obligations and rights of the Commission with respect to workmen's compensation and prevent the plaintiff-employee from recovering twice. It seems plain that this is the type of litigation authorized by the turnpike

statutes wherein the Legislature provided that the Commission could "sue or be sued" since such a suit relates only to "the ordinary business and functions of the Commission" pertaining to its responsibilty for medical and financial protection of injured employees as distinguished from tort liability from which it is immune.

An appropriate order will be entered.

---

2. The right of a defendant to contribution from a plaintiff's employer is limited to benefits payable under the Workmen's Compensation Act, 77 Purdon's Pa.Stat. Ann. § 1 et seq.; Maio v. Fahs, 339 Pa. 180, 14 A.2d 105; Brown v. Dickey, 397 Pa. 454, 155 A.2d 836; Kim v. Michigan Ladder Company, 208 F.Supp. 298 (W.D.Pa.1962).

3. 77 Purdon's Pa.Stat.Ann. § 671 provides inter alia:

"Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer * * *."