## Grasha, Appellant, *v.* Ingersoll-Rand Company.

Argued March 20, 1970. Before JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

218

*James E. McLaughlin,* with him *McArdle, McLaughlin, Paletta & McVay,* for plaintiff, appellant.

*Donald W. Bebenek,* with him *Richard J. Mills,* and *Meyer, Darragh, Buckler, Bebenek & Eck,* for defendant, appellee.

*Ira R. Hill,* with him *Reed, Smith, Shaw & McClay,* for additional defendant, appellee.

OPINION BY MR. JUSTICE JONES, July 2, 1970:

On August 13, 1961, Anthony Grasha was injured. At the time of the accident, Grasha and two fellow employees were attaching a thirteen foot drill bit to an air drill when, suddenly and unexpectedly, the air drill started, causing Grasha's injury. The three men were employed by United States Steel Corporation (Steel) and the drill which they were using had allegedly been manufactured by Ingersoll-Rand Company (Ingersoll).

The sudden and unexpected starting of the drill occurred either because the drill had been defectively manufactured—in which event Ingersoll would be responsible—or because one of Grasha's fellow employees had negligently pulled the trigger—in which event Steel would be responsible.

On July 29, 1963—within the two year period of the statute of limitations (Act of June 24, 1895, P. L. 236, §2, 12 P.S. §34)—Grasha instituted a trespass action against Ingersoll in the Court of Common Pleas of Allegheny County and, on September 17, 1963, Ingersoll filed its answer. On January 7, 1964—four months beyond the two year period of the statute of limitations—Ingersoll joined Steel, Grasha's employer, as an additional defendant. Steel then raised the defenses

both of the statute of limitations and the Workmen's Compensation Act.[1]

After a trial by jury, the jury returned a verdict in Grasha's favor and against Steel in the amount of $130,-000 and a verdict against Grasha and in favor of Ingersoll. Steel moved for and was granted a judgment n.o.v. Grasha moved for a new trial which was denied. Judgment on the verdict against Grasha was entered and Grasha, seeking a new trial, now appeals.

Grasha first contends that the trial court erred in charging the jury that *either* Steel or Ingersoll might be found liable but that, under the record facts, Steel and Ingersoll could not be found *jointly* liable. It is obvious that Steel, by virtue of the impact of the statute of limitations and the Workmen's Compensation Act, could be fixed with responsibility only on the theory of *joint* liability if the facts warranted such a finding. See: *Winters v. Herdt*, 400 Pa. 452, 162 A. 2d 392 (1960).

The testimony of record clearly demonstrates that liability for Grasha's accident could be found on *only*

---

[1] In *Socha v. Metz*, 385 Pa. 632, 638-39, 123 A. 2d 837 (1956) this Court said: "It necessarily follows that the sole procedure available to the plaintiff for the recovery of damages from the employer for her husband's death . . . was by virtue of the Workmen's Compensation Act and by that alone.

"It so happens, however, . . . that an employer may be required to defend his employee's trespass action for personal injuries received in the course of his employment when the employer is summoned as an additional defendant or is sued jointly with another for such injuries. But, that procedure is for the sole and exclusive purpose of protecting the original or third-party defendant's right of contribution from the employer and does not ascribe to the employee or his representative a common law right against his employer for damages for injuries suffered in the course of his employment." See also: *Maio v. Fahs*, 339 Pa. 180, 14 A. 2d 105 (1940) ; *J. W. Brown Equipment Corp. v. Dickey*, 397 Pa. 454, 155 A. 2d 836 (1959).

one of two theories of liability. Either the drill started by itself due to a defect in its manufacture which would render the manufacturer of the drill, allegedly Ingersoll, liable (Restatement (Second) Torts, §402 A (1965)) or the drill was started by one of the men working with Grasha which would render Steel, the employer of such man, liable. The record evidence furnishes no support upon which a finding of *joint* responsibility could be predicated and, in such posture, the court properly refused to charge the jury on that basis: *Evans v. Otis Elevator Co.*, 403 Pa. 13, 29-30, 168 A. 2d 573, 581 (1961).

Grasha's second argument is that the trial court erred in not granting Steel's motion for a directed verdict prior to the case being submitted to the jury. If this was error, we fail to see how Grasha could have been harmed thereby. The jury having returned a verdict in favor of Ingersoll, it apparently found either that Ingersoll did not manufacture the drill or that the drill did not start by itself and there is ample evidence in the record to support either of these propositions. If Steel had been granted a directed verdict prior to the case being submitted to the jury, the facts before the jury would have been the same and we must assume that a verdict would still have been returned in favor of Ingersoll. The legal question raised bears no relationship to the factual question which the jury was required to resolve.

To summarize: the evidence of record does not support a finding of joint or concurrent liability, Steel could not be *solely* liable, as a matter of law, and the jury on adequate evidence decided that Ingersoll was not *solely* liable as a matter of fact. There is no basis of record upon which to upset the findings of this jury. *Austin v. Ridge*, 435 Pa. 1, 255 A. 2d 123 (1969).

Judgment affirmed.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

The trial court was clearly wrong in instructing the jury that either Ingersoll-Rand or U.S. Steel could be found independently liable to Grasha. The situation here is entirely analogous to that in *Evans v. Otis Elevator Co.*, 403 Pa. 13, 168 A. 2d 573 (1961), where we said: "[w]hen Otis joined Sperling as an additional defendant, it did so not upon any theory of sole liability to Evans but upon the theory that Sperling was either jointly liable with Otis or liable over to Otis. Under such circumstances, Sperling could not have been held liable on any theory of sole liability to Evans." 403 Pa. at 29-30, 168 A. 2d at 581 (citations omitted).* So too in the instant case, the trial court erred in instructing the jury that U.S. Steel could be found solely liable. The majority apparently recognizes that this was error, but concludes that Grasha was not prejudiced because, even if only his case against Ingersoll-Rand had gone to the jury, the factual issues would have been the same and "we must assume that a verdict would still have been returned in favor of Ingersoll." I cannot agree.

I am unwilling to ignore reality and say that the jury's verdict with respect to Ingersoll-Rand would likely have been the same had only the case against that defendant been submitted to the jury. The jury clearly wished to give Grasha a substantial recovery,

---

* We note that in this case, U.S. Steel probably had another meritorious defense to any action by Grasha by virtue of the fact that they were not joined as an additional party defendant by Ingersoll-Rand until after the statute of limitations on Grasha's underlying cause of action had run. The trial court therefore clearly erred when it charged that U.S. Steel could be found solely liable to Grasha.

222

and had they been properly instructed that they could not return a verdict solely against U.S. Steel, they might very well have found against Ingersoll-Rand. The net effect of the trial court's error was to give the jury a very attractive target against whom they thought they could assess liability. Since the jury received the case under an erroneous impression of the possible alternatives which might well have affected the outcome, I would reverse the judgment of the trial court and award Grasha a new trial.