## Burke et ux. *v.* Duquesne Light Company, Appellant, et al.

Argued April 8, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

. *Robert E. Wayman,* with him *Wayman, Irvin, Trushel & McAuley,* for appellant.

*Frederick N. Egler,* with him *Janice I. Gambino, Sigmund Rosenwasser, Edward Jaffee Abes,* and *Egler, McGregor & Reinstadtler,* and *Rosenwasser & Rosenwasser,* for appellees.

OPINION BY PRICE, J., December 11, 1974:

This appeal is before the court by reason of the lower court's refusal to grant the motions of appellant, Duquesne Light Company, for judgment n.o.v. or in the alternative, for a new trial. The case was tried before a jury, which awarded a verdict in the amount of

$380,800 to William Burke and $20,000 to Mrs. Burke against appellant and the additional defendant below, John H. Granz Company.

The cause of action arose when William Burke, then an employee of the John H. Granz Company, fell from a scaffold which was suspended approximately 22 feet above ground. The record reveals that on September 3, 1970, Mr. Burke was installing aluminum siding on a house in the Hazelwood section of Pittsburgh. In the course of his work, Mr. Burke received a shock when a section of aluminum channel which he was handling came into contact with an uninsulated electric wire carrying 2400 volts of current. The electric wire had been placed on the premises by the Duquesne Light Company. Although nothing appears of record as to the date the wires were actually installed, there was testimony that the pole and crossarm to which the uninsulated wire was attached had been installed in 1929, approximately eight years after the present owner first occupied the house. There was also evidence that the wires were approximately 31 feet above ground, and that the wire which caused the shock to Mr. Burke was some six feet ten inches to nine feet six inches from the house on which he was working. Nothing in the record indicates whether the pole, crossarm, or wiring had been replaced or relocated since its initial installation.

The shock Mr. Burke sustained caused him to fall backwards, off the scaffold, which carried no catch platform or railing, a violation of the Pennsylvania Department of Labor and Industry's regulations. A fellow employee tried to stop Mr. Burke's fall, but was unable to hold him. The injuries Mr. Burke subsequently sustained rendered him a quadriplegic.

The Burkes sued the Duquesne Light Company (Duquesne) for breach of its duty of due care toward persons who may lawfully come into contact with the

dangerous power lines. Duquesne then joined the John H. Granz Company (Granz) as an additional defendant, alleging Granz's sole and joint liability for its failure to provide Mr. Burke with a safe place to work and for its failure to comply with the Department of Labor and Industry's regulations.

In support of its motion for judgment n.o.v., appellant alleges that the evidence produced by the plaintiff below was insufficient to send the issue of Duquesne's negligence to the jury. The Burkes produced two expert witnesses who testified as to the distance of the electric wires from the house which Mr. Burke was repairing at the time of his accident. These experts stated that although the distance conformed to the regulations found in the National Safety Code, it was insufficient, in their opinion, to constitute good engineering practice.

A similar issue to that raised by appellant was decided in *Groh v. Philadelphia Electric Company,* 441 Pa. 345, 349-50, 271 A. 2d 265, 267 (1970), where the Court stated: "Thus, the jury had before it the literal terms of the Code, the witness' interpretation of the spirit of the Code, and the witness' opinion independent of (and in fact contrary to the literal wording of) the Code. In presenting the latter two pieces of evidence, appellee did present sufficient evidence to go to the jury and evidence from which the jury could reasonably have found appellant negligent."

*Groh* is controlling in the instant case, and the matter of Duquesne's negligence was properly before the jury. The denial of a judgment n.o.v. is affirmed.

Appellant's second allegation of error concerns the charge to the jury. Duquesne asserts that reversible error was committed by the lower court, which refused to submit the issue of the sole liability of the additional defendant, Granz, to the jury. Rather, the court charged the jury that if they found for the

plaintiff, the verdict could be against either Duquesne Light Company alone, or against Duquesne Light Company and John H. Granz Company.

In his opinion, the learned trial judge explains why he did not charge as to Granz's sole liability: "We have reviewed the charge in its entirety and examined the Briefs of counsel and closely examined the law of Pennsylvania on this point. We find that according to the weight of Pennsylvania Law, a jury cannot find in favor of an employee resulting in the sole liability against his employer if the two are engaged in a contractual relationship under Workmen's Compensation. To hold otherwise would produce a nullity."

In support of his opinion, the trial judge cited two cases, *Jackson v. Gleason,* 320 Pa. 545, 182 A. 498 (1936) and *Evans v. Otis Elevator Company,* 403 Pa. 13, 168 A. 2d 573 (1961). *Evans* is distinguishable from the instant case in that the original defendant failed to allege sole liability on the part of the additional defendant employer. Clearly, in such a situation, a verdict against the additional defendant alone could not be permitted since no facts in support of such a verdict were alleged or proved.

*Jackson* is also distinguishable from the case before us. In *Jackson,* the original defendant alleged *only* that the additional defendant employer was solely liable to the plaintiff; the additional defendant was not joined to protect defendant Gleason's right to contribution. The court charged that the question which the jury had to resolve was simply whether the accident happened *solely* due to the defendant Gleason's negligence. If so, the plaintiff could recover. If not, no verdict for the plaintiff-employee could be reached.

In *Jackson,* the court protected the defendant's right to a verdict in its favor and against the plaintiff-employee when he asked the jury whether the accident had been caused "solely and exclusively by reason of

negligence" on the defendant's part. If the jury found (1) that the defendant was *not* solely negligent, or (2) that both defendant and additional defendant were negligent, or (3) that plaintiff was contributorily negligent, then the plaintiff could not recover *against the defendant*. And as the defendant did not allege a right to contribution, a verdict in favor of the plaintiff could only have been the result of the jury's determination of sole liability on behalf of the original defendant.

The instructions to the jury in the instant case did not achieve the same result and in fact operated to deny the appellant's right to have the jury pass upon the issue raised in the pleadings and supported by the evidence as to the possible sole liability of Granz. For that reason, we will reverse the judgment of the lower court and remand the case for a new trial.

Rule 2252(a) of the Pennsylvania Rules of Civil Procedure provides that any defendant or additional defendant may join another as an additional defendant "who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him. . . ." Once an additional defendant has been joined, Rule 2255(d), provides that the additional defendant shall be liable in all respects, as though he "had been joined as a defendant" in the plaintiff's initial pleadings. In *Sheriff v. Eisele,* 381 Pa. 33, 112 A. 2d 165 (1955), Rule 2255(d) was interpreted to mean that an additional defendant becomes subject to the plaintiff's claim in every respect and with the same force and effect as though he were initially joined as a defendant.

We have found neither statute nor case holding which indicates that these rules are inoperative when the additional defendant is an employer who provides workmen's compensation coverage to his employees. We, therefore, begin our analysis with the premise that any non-employer defendant who is the

joining party may allege the sole liability of the additional defendant employer, and has the concomitant right to an instruction to that effect, if the evidence he produces justifies such instruction. This is equally as true in the situation presented at bar, *i.e.,* where the additional defendant has the defense of workmen's compensation but may not raise it at trial against the original plaintiff.

The Pennsylvania Supreme Court has decided that the Courts of Common Pleas are not deprived of jurisdiction over common law actions in trespass by virtue of the Workmen's Compensation Act. In *Repyneck v. Tarantino,* 403 Pa. 300, 303, 169 A. 2d 527, 528 (1961), the court stated: ". . . Repyneck's complaint states a common law cause of action in trespass for negligence. The Pennsylvania Workmen's Compensation Act does not deprive the courts of jurisdiction over common law causes of action; under Section 303 of the Act, as amended, 77 P.S. §481, however, the parties to an employment agreement may voluntarily contract away certain of their rights to sue in tort: Liberato v. Royer & Herr, 81 Pa. Superior Ct. 403, 407-408 (1923), *aff'd,* 281 Pa. 227, 126 Atl. 257 (1924)."

The effect of this decision is to provide the employer with the defense of workmen's compensation coverage. However, once trial has begun, the additional defendant employer may raise this defense only at the execution stage of the proceeding, at which time it renders the plaintiff without a remedy. *McIntyre v. Strausser,* 365 Pa. 507, 76 A. 2d 220 (1950). It does not affect the right of the original defendant who is not the plaintiff's employer to try his case in negligence versus that of the additional defendant employer, and to have the trier of fact determine which of the parties, if any, was negligent.

As this court stated in *Martinelli v. Mulloy,* 223 Pa. Superior Ct. 130, 136, 299 A. 2d 19, 21-22 (1972):

". . . The Rules [of Civil Procedure] were not intended to enable a plaintiff who has no control over litigation between the defendant and the additional defendant, to effectively prevent an adjudication of their rights." Nor were they intended to enable the trial judge to remove from the jury's consideration any reasonable alternatives in assessing liability against the parties. We are of the view that the proper procedure in cases like that at bar is to allow the jury to determine who is liable in negligence.

By charging the jury as he did in the case at bar, the trial judge effectively precluded the original defendant from establishing his own due care, and thus forced the jury to conclude that if there was negligence at all, Duquesne was negligent, and consequently liable to the Burkes. The jury had to reach this conclusion, for it had no alternative under the charge but to find against Duquesne alone, or against Duquesne and Granz jointly. It was not proper, in our opinion, for the lower court to take away from the jury the reasonable possibility that Granz was alone liable to the Burkes.

This reasonable possibility is particularly highlighted in the present record. The jury, after deliberation, first returned a verdict slip finding "in favor of William Burke, the plaintiff, in the amount of $380,-800.00, and for Dolores Burke, his wife, in the amount of $20,000.00." The lower court then re-charged the jury in terms consistent with the original charge instructing that they could not reach any verdict against John H. Granz Company alone. The jury then returned a verdict in the same amount against both Duquesne and Granz.

Under a proper charge, should a jury find the additional defendant employer solely liable to the original plaintiff, a motion for judgment n.o.v. or a rule to show cause why the judgment should not be marked satisfied,

would lie against the verdict winner. This result is necessitated by the current state of Workmen's Compensation Law: an employer is liable, regardless of fault and as a matter of law, to the extent of compensation plan coverage when the injured employee is covered by a workmen's compensation agreement. Should a jury conclude that the original defendant is not liable in fact, the original plaintiff is left with no remedy other than his workmen's compensation, paid by his employer.

In discussing Pa. R. C. P. 2252, one commentator has stated: "A verdict in favor of an employee plaintiff against an additional defendant employer alone cannot stand when the Workmen's Compensation Act applies. This may be corrected, although the jury has been discharged, by the entry of a judgment n.o.v. in favor of the employer." 4A Anderson Pennsylvania Civil Practice §2252.33 (1962).

This procedure was followed in *Grasha v. Ingersoll-Rand Company*, 439 Pa. 216, 266 A. 2d 710 (1970), where the trial court permitted the jury to conclude that the additional defendant employer was solely negligent, and then granted him a judgment n.o.v. based on the Workmen's Compensation Law. In *Grasha*, the issue submitted to the jury was whether the original defendant negligently manufactured an air drill or whether the additional defendant negligently put it into operation. The Pennsylvania Supreme Court noted its approval of the procedure used by the trial court when it stated: "The record evidence furnishes no support upon which a finding of *joint* responsibility could be predicated and, in such posture, the court properly refused to charge the jury on that basis: Evans v. Otis Elevator Co., 403 Pa. 13, 29-30, 168 A. 2d 573, 581 (1961)." 439 Pa. at 220, 266 A. 2d at 711. The court further stated: "To summarize: the evidence of record does not support a finding of joint or concur-

rent liability, Steel could not be *solely* liable, as a matter of law, and the jury on adequate evidence decided that Ingersoll was not *solely* liable as a matter of fact. There is no basis of record upon which to upset the findings of this jury. Austin v. Ridge, 435 Pa. 1, 255 A. 2d 123 (1969)." 439 Pa. at 220, 266 A. 2d at 712.

While the record in the instant case does not contain facts, like those in *Grasha,* which negate joint liability, there is sufficient evidence on which a jury could find that either the defendant or the additional defendant was negligent, but that both were not. In so stating, we do not pass upon the substantive issues in the present case. We merely indicate why the court's charge to the jury was so prejudicial to Duquesne *that a new trial is necessary.*

In deciding as we do today, we construe that language in *Murray v. Lavinsky,* 120 Pa. Superior Ct. 392, 394, 182 A. 803 (1936), which states: ". . . If the additional defendant's [employer's] driver was not negligent, there could, of course, be no verdict rendered against him. On the other hand, if said driver was negligent, whether alone or jointly with the original defendant, the wife *plaintiff* could not recover in trespass against the additional defendant but would be remitted to her claim for workmen's compensation."

The language is technically correct: if there was no negligence, there could be no verdict against the additional defendant; if there was negligence on his part, a jury *verdict* against him would be proper, but no *recovery* would be allowed by the plaintiff. The judgment which plaintiff was awarded would be marked satisfied; plaintiff would then resort to his workmen's compensation award, under Article Three of the Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S. §481 *et seq.*

A similar result was achieved by the trial judge in *Winters v. Herdt*, 400 Pa. 452, 162 A. 2d 392 (1960). The decision in *Winters* was appealed to the Pennsylvania Supreme Court by the plaintiff below, after the lower court made absolute the rule to show cause why the judgment against the additional defendant alone should not be marked satisfied. The Supreme Court approved that procedure, which we follow today, when it reiterated its opinion in *Socha v. Metz*, 385 Pa. 632, 123 A. 2d 837 (1956): "It so happens, however, just as in the instant case, that an employer may be required to defend his employee's trespass action for personal injuries received in the course of his employment when the employer is summoned as an additional defendant or is sued jointly with another for such injuries. But, that procedure is for the sole and exclusive purpose of protecting the original or third-party defendant's right of contribution from the employer and does not ascribe to the employee or his representative a common law right against his employer for damages for injuries suffered in the course of his employment. . . . When a judgment at law has no standing as an enforceable liability of the one against whom it is entered, the equity powers of the court are called into play to the end that execution on the judgment be denied and that it be marked satisfied." 400 Pa. at 455-56, 162 A. 2d at 393-94.

The result we reach today does not run contrary to the purpose of the Workmen's Compensation Act. The Act was designed to impose absolute liability upon an employer when his employee suffered injury in the course of the employment. Such absolute liability, in the amount of the workmen's compensation agreement, lies against the employer regardless of fault and, therefore, a suit against the employer by the employee is not permitted under the Act.

However, the Workmen's Compensation Act specifies that *only* the parties to the agreement, *i.e.,* the employer and his personal representatives and the employee and his dependents, shall be bound by the terms of the Act. The specific language is found in the Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S. §481: "Such agreement shall constitute an acceptance of all the provisions of article three of this act, [§411 et seq. of this title.] *and shall operate as a surrender by the parties thereto* of their rights to any form or amount of compensation or damages for any injury or death occurring in the course of the employment, or to any method of determination thereof, other than as provided, in article three of this act. Such agreement shall bind the employer and his personal representatives, and the employe, his or her wife or husband, widow or widower, next of kin, and other dependents. 1915, June 2, P. L. 736, art. III, §303; 1937, June 4, P. L. 1552, §1; 1939, June 21, P. L. 520, §1." [Emphasis added.]

The language of the Act indicates that the Act was not designed to control a situation such as that now at bar. Nothing in the Act precludes a defendant who is not the injured person's employer from asserting in his own defense that the employer alone was negligent, and that the employer's negligence proximately caused injury to the employee. It is clear that the Act was not intended to be so broad as to include the non-employer defendant within its scope for any purpose. Nor could it bar the original defendant's suit in trespass against the employer, for the original defendant was not a party to the workmen's compensation agreement between the plaintiff-employee and the employer.

It is well settled that the legislature cannot "enact a law which vitiates an existing common law remedy without concurrently providing for some statutory

remedy." *Dolan v. Linton's Lunch,* 397 Pa. 114, 124, 152 A. 2d 887, 892 (1959).

The Workmen's Compensation Act contains no substitute for the non-employer defendant's right to establish the employer's negligence and his own freedom from liability, if his attempt is successful. The non-employer defendant is not a party to, nor in any way privy to, the workmen's compensation contract between the employer and employee. The contract, therefore, cannot be construed as limiting the original defendant's common law right to sue in trespass for the employer's negligence.

We note that those cases which deal with the right of an original defendant to contribution from the additional defendant employer when both are found liable to the plaintiff are inapposite to the present case. In the instant case, we are called upon to determine whether the original defendant may request a charge which, if the jury finds facts conforming to the charge, will exonerate him from *all* liability. This question does not involve the same considerations as the question concerning joint liability.

The Supreme Court of Pennsylvania has construed the language of the Workmen's Compensation Act as precluding liability by the employer for any amount larger than the agreement requires. See *John W. Brown Jr. Equip. Rental Corp. v. Dickey,* 397 Pa. 454, 155 A. 2d 836 (1959); *Maio v. Fahs,* 339 Pa. 180, 14 A. 2d 105 (1940). Such construction is in accord with one of the purposes of the Act, which is to protect the employer from common law liability to the employee. A verdict against both the original and additional defendants imposing joint liability cannot impose liability above the statutory contribution demanded of the employer, and the original defendant is subrogated only to the extent of the unpaid workmen's compensation.

However, we must draw a distinction between the issue of the right of an original defendant to contribution and that of the right of the original defendant to a determination that the suit brought against him was unfounded as only the employer—not the original defendant—was negligent. Until this latter question is resolved, there is no need to consider the law relating to contribution.

Judgment reversed and a new trial ordered.

DISSENTING OPINION BY JACOBS, J.:

I respectfully dissent.

The law, as I am able to distill it from the spattering of cases in this area, is not so generous to the nonemployer-defendant as the majority would suggest.

"The great majority of jurisdictions have held that the employer whose concurring negligence contributed to the employee's injury cannot be sued or joined by the third party as a joint tortfeasor, whether under contribution statutes or at common law." 2 A. Larson, Workmen's Compensation Law §76.21 at 235 (1974). *See* Note, Contribution and Indemnity: The Effect of Workmen's Compensation Acts, 42 Va. L. Rev. 959 (1956); *Annot.* 53 A.L.R. 2d 977 (1957). This result is reached because "the employer is not jointly liable to the employee in tort; therefore he cannot be a joint tortfeasor. The liability that rests upon the employer is an absolute liability irrespective of negligence, and . . . is the only kind of liability that can devolve upon him whether he is negligent or not. The claim of the employee against the employer is solely for statutory benefits; his claim against the third person is for damages. The two are different in kind and cannot result in a common liability." 2 A. Larson, supra §76.21 at 235-38 (footnotes omitted). "Absent such common liability, it is reasoned, the parties may not be deemed joint tortfeasors. Thus, contribution may not be per-

mitted." *Elston v. Indus. Lift Truck Co.*, 420 Pa. 97, 101, 216 A.2d 318, 320 (1966).

The Pennsylvania rule, however, does permit the joinder of the employer as an additional defendant on the basis of joint liability or liability over.[1] But as stated by the Court in *Maio v. Fahs*, 339 Pa. 180, 14 A.2d 105 (1940), the liability of the employer is limited to the amount of its statutory liability under the Workmen's Compensation Act.[2] This is so because the Act eliminated "any trespass cause of action whatsoever against the employer" and substituted the workmen's compensation procedures. *John W. Brown, Jr. Equip. Rental Corp. v. Dickey,* 397 Pa. 454, 461, 155 A.2d 836, 840 (1959). "There is no common liability based in tort, for the employer is simply not liable in tort." *Id.* The Court observed that "[t]o allow the third party tortfeasor even the limited right of contribution up to the amount of the employer's workmen's compensation liability, as we do in Pennsylvania, is most generous indeed. He is not so well treated in other jurisdictions." *Id.* at 462, 155 A.2d at 840.

This elimination of liability is precisely the reason why the additional defendant-employer cannot be joined on the basis of *sole* liability. The Court stated in *Shaull v. A. S. Beck N. Y. Shoe Co.*, 369 Pa. 112, 115,

---

[1] Implicit in this rule "is the view that the definition of 'joint-tortfeasors' does not require that they have a common liability toward the injured party but only that their combined conduct be the cause of the injury." *Elston v. Indus. Lift Truck Co.*, 420 Pa. 97, 102 n.2, 216 A.2d 318, 320 n.2 (1966).

[2] *See, e.g., Elston v. Indus. Lift Truck Co.*, 420 Pa. 97, 216 A.2d 318 (1966) ; *John W. Brown, Jr. Equip. Rental Corp. v. Dickey*, 397 Pa. 454, 155 A.2d 836 (1959) ; *Shaull v. A. S. Beck N. Y. Shoe. Co.*, 369 Pa. 112, 85 A.2d 698 (1952) ; *Stark v. Posh Constr. Co.*, 192 Pa. Superior Ct. 409, 162 A.2d 9 (1960) ; *O'Neill v. United States*, 450 F.2d 1012 (3d Cir. 1971) ; *Nuzzo v. Commercial Concrete Co.*, 366 F. Supp. 1333 (E.D. Pa. 1973) ; *Madrin v. Wareham*, 344 F. Supp. 166 (W.D. Pa. 1972).

85 A.2d 698, 701 (1952) : "It must be immediately obvious that [employer] cannot be retained on the record as additional defendant on the ground of being *solely* liable to plaintiff, since its liability to its employe for injury or death in the course of his employment is only that prescribed by the Workmen's Compensation Act. . . ." The procedure of joining the employer as an additional defendant "is *for the sole and exclusive purpose* of protecting the original or third-party defendant's right of contribution from the employer. . . ." *Socha v. Metz,* 385 Pa. 632, 638-39, 123 A.2d 837, 840 (1956) (emphasis added). In *Grasha v. Ingersoll-Rand Co.,* 439 Pa. 216, 266 A.2d 710 (1970), the Court held that an employer joined as an additional defendant could be fixed with responsibility, by virtue of the Workmen's Compensation Act, only on the theory of *joint* liability. The Court held that "Steel [the employer] could not be *solely* liable, as a matter of law. . . ." *Id.* at 220, 266 A.2d at 712 (emphasis original).

The decisions, it seems to me, follow logically from the reading of Rule 2252.[3] The rule permits the joinder of any person "who may be alone liable or liable over to [the joining party] *on the cause of action declared upon by the plaintiff* or jointly or severally liable thereon with him. . . ." Pa. R.C.P. 2252(a) (emphasis added). By virtue of the Workmen's Compensation Act the employer is not liable on the basis of *sole* liability *on the cause of action declared upon by the plaintiff.* The employee's common law right to damages for injuries suffered in the course of his employment "is completely surrendered in exchange for the exclusive statutory right of the employee to compensation for all such injuries, regardless of negligence, and the employer's liability as a tortfeasor . . . is abrogated. . . ."

---

[3] Pa. R.C.P. 2252.

*Carroll v. Whitemarsh Township Sewer Auth.,* 83 Montg. Co. L.R. 180, 181 (Pa. C.P. 1964). *See John W. Brown, Jr. Equip. Rental Corp. v. Dickey,* supra. Because an employer cannot be *solely* liable as a matter of law on the cause of action declared upon, *see Grasha v. Ingersoll-Rand Co.,* supra, joinder on that basis is not proper and preliminary objections to joinder on that ground will be sustained. *Carroll v. Whitemarsh Township Sewer Auth.,* supra.

The majority states: "We, therefore, begin our analysis with the premise that any [nonemployer] defendant who is the joining party may allege the sole liability of the additional defendant employer, and has the concomitant right to an instruction to that effect. . . ." On this point I most strenuously disagree. As stated above, Rule 2252(a) permits joinder on one or more enumerated grounds where the party to be joined would be liable on such ground or grounds on the cause of action declared upon by the plaintiff. Because an employer is not solely liable as a matter of law on the cause of action, he cannot be joined on the basis of sole liability. Since he cannot be joined on that basis, there is no "concomitant right to an instruction" on that ground simply because no one objected to the joinder.[4]

---

[4] The majority, relying upon two Pennsylvania Supreme Court decisions, implies that the proper procedure would have been to send the entire case to the jury and then, in the event of a verdict against the additional defendant-employer alone, to either grant a judgment n.o.v. as in *Grasha v. Ingersoll-Rand Co.,* 439 Pa. 216, 266 A.2d 710 (1970), or mark the judgment satisfied as in *Winters v. Herdt,* 400 Pa. 452, 162 A.2d 392 (1960). Although each of these procedures was tacitly "approved," the approval extends to an available remedy after a verdict has been incorrectly rendered, and does not suggest a preferred procedure. Moreover, nowhere does it appear in either of these cases that any objection was ever raised to the manner in which the case was submitted to the jury.

The majority would have us believe that "the trial judge effectively precluded the original defendant from establishing his own due care, and thus forced the jury to conclude that if there was negligence at all, Duquesne was negligent, and consequently liable to the Burkes." However, this conclusion is unsupported in both logic and fact. First, there were no restrictions which prohibited Duquesne from establishing its own freedom from negligence. In being compelled to compete against an additional defendant who could not be found solely liable, Duquesne's position was not materially different from that in which it would have been in the majority of jurisdictions where the employer could not even have been joined. Secondly, the judge charged the jury: "If you find that the Duquesne Light Company was not negligent, then, under the law and the pleadings in this particular case, then [sic] your verdict must be in favor of both Defendants." Record at 395a. This charge did not "[force] the jury to conclude that if there was negligence at all, Duquesne was negligent. . . ."

In my opinion the trial judge in the instant case was correct in his evaluation of the law. He presented to the jury the alternatives in the verdicts which the law would permit, and he did not foreclose to Duquesne the opportunity to prove itself free from negligence.

I would affirm the judgment below.

HOFFMAN, J., joins in this dissenting opinion.