## Taglieri v. Logansport Machine Co., Inc.

*June S. Schulberg*, for plaintiffs.
*John R. Walters, Jr.*, for defendants.
*Jerome W. Kiger, Thomas J. Reinstadtler*, and *David Trushel*, for additional defendants.

FINKELHOR, *J*., July 17, 1978—The above matter is before the court on the preliminary objections of additional defendants, Boice, McKeesport Hospital and Braddock General Hospital, health care providers, to joinder as additional defendants, on the grounds that jurisdiction is properly before the Health Care Malpractice Arbitration Panels (Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.101 et seq.)

In the instant proceedings, plaintiff filed a complaint against additional defendants on malpractice claims before the Arbitration Panel for Health Care and against original defendants, Logansport Machine Co., Inc., et al., on a product liability theory in the common pleas court.

The issue is whether a *pending* complaint by plaintiff under the Malpractice Act bars the joinder of the health care providers as additional defendants in the product liability action before this court.[1]

We have recently considered a similar issue in Simko v. Bob Smith Ford, Inc. et al., no. GD 77-17771, 5 D. & C. 3d 538 (1978), wherein we ruled that orginal defendant in a non-health-related action could join health care providers as additional defendants. However, in Simko, plaintiff had *not* filed a claim of medical malpractice under the Medical Malpractice Act and there was no action pending before the arbitration panel.

Section 1301.309 of the Medical Malpractice Act provides as follows:

---

1. The complaint to join incorporates, by reference, plaintiff's complaint under the Health Care Services Malpractice Act.

"The arbitration panel shall have original exclusive jurisdiction to hear and decide any claim brought by a patient or his representative for loss or damages resulting from the furnishing of medical services which were or which should have been provided. The arbitration panel shall also have original exclusive jurisdiction to hear and decide any claim asserted against a nonhealth care provider who is made a party defendant with a health care provider."

While the statute does not provide guidance on the joinder of a health care provider by a non-health care provider, it clearly states that the panel has exclusive jurisdiction to hear and determine the claim of the patient or his representative. In these proceedings, plaintiff has filed such a claim before the malpractice agency and the common pleas court lacks jurisdiction over plaintiff's alleged claim against the health care provider. However, the act is silent on the problem of the appropriate forum for the resolution of the possible "liability over" or indemnification of the non-health care defendant by the health care providers.

While the Medical Malpractice Act provides for joinder of a non-health care provider in suits pending before the arbitration panels, there is no language within the act to govern joinder of a health care provider by a non-health care provider in a court action. Absent statutory language, we must presume that the legislature did not intend to vacate the Rules of Civil Procedure relating to joinder of additional defendants nor did it intend to route to the arbitration panels actions unrelated to health practices: Gillette v. Redinger et al., ___ Pa. Com-

monwealth Ct. ___, 383 A. 2d 1295 (1978).

Pa.R.C.P. 2252(a) provides as follows:

"In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

The Medical Malpractice Act does not change or abrogate this rule. An analogous proceeding is the joinder of the employer, as additional defendant, in a negligence action by the employe against a third party. Prior to the 1974 amendments to the Workmen's Compensation Act of June 21, 1915, P.L. 736, as amended, 77 P.S. §462, the liability of the employer to the employe plaintiff was limited to the workmen's compensation claim. Nevertheless, joinder was permitted under Rule 2252 by original defendant and liability limited to the workmen's compensation recovery: Burke v. Duquesne Light Co., 231 Pa. Superior Ct. 412, 332 A. 2d 544 (1974).

Thus, in these proceedings, plaintiff is limited to its claim under the Medical Malpractice Act and the liability of the health care providers is also limited by the terms and procedure (see 40 P.S. §1301.401 et seq.) of the legislation. However, we do not believe that such limitation prohibits joinder of the health care providers as additional defendants in a non-health care suit with liability over

limited and dependent upon the health care malpractice proceedings.[2]

Based upon the above discussion, the preliminary objections to joinder based on jurisdiction are dismissed. In addition, additional defendants' motion to strike and for a more specific pleading are also dismissed.

## ORDER

And now, July 17, 1978, upon the preliminary objections, including the question of jurisdiction, of additional defendants Boice, McKeesport Hospital and Braddock General Hospital to the complaint to join and after full consideration of the briefs and arguments of counsel, it is hereby ordered, adjudged and decreed that said preliminary objections to joinder are denied.

It is further ruled that the liability of said health care providers to plaintiff shall be governed by the Pennsylvania Health Care Services Malpractice Act.

---

2. As a practical matter, the pending action could be continued until the malpractice claim before the arbitration panel was completed or, in the alternate, the liability over claim of original defendant could be severed for purposes of trial.