**Vladimir DOWHY**

v.

**HARVEY B. MOYER, INC., Defendant and Third-Party Plaintiff**

v.

**EASTERN ENGINEERING CO., Third-Party Defendant.**

**Civ. A. No. 22470.**

United States District Court
E. D. Pennsylvania.

Jan. 8, 1960.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Thomas E. Comber, Jr., Philadelphia, Pa., for defendant.

Robert C. Kitchen, Philadelphia, Pa., for third-party defendant.

KIRKPATRICK, District Judge.

In this action for damages for personal injuries the plaintiff recovered a verdict of $25,000 against the original defendant and, in the same action, the original defendant recovered a verdict against the plaintiff's employer who had been brought in by the original defendant, as a third-party defendant. The plaintiff had received from his employer a sum in the amount of $6,782.47 in compensation payments, but the entire liability for compensation has not yet been determined.

The original defendant has paid into the registry of the court the amount of $18,643.71, representing $25,000 less the amount paid by the employer as compensation together with costs and interest. He now moves to have the judgment marked satisfied of record, relying on the case of Maio v. Fahs, 339 Pa. 180, 14 A.2d 105, in which this procedure was approved. Since that case, the Compensation Act has been amended several times. Since the Act of 1951, May 29, P.L. 507, 77 P.S. § 671, there remains no doubt that by virtue of the amendment the employee is entitled to a pro rata counsel fee measured by the amount of the employer's liability to him for compensation whether the compensation has been paid or not. Soliday v. Hires Turner Glass Co., 187 Pa.Super. 44, 142 A.2d 425.

Since the employer is relieved of his liability for the payment of compensation or, if he has already paid, can recover the amount paid from the employee when the latter gets a verdict against a third party, the legislature considered it just that the employer should pay his share of the cost of the benefit conferred upon him.

In Maio v. Fahs, supra, the Court decided that an employee might recover the full amount of his judgment against the third party and that the third party might recover against an employer who was a joint tortfeasor with him a judgment for contribution, but not in excess of the employer's liability to the plaintiff employee for compensation. Those were the legal principles involved in that case. However, the Court, moved by equitable considerations and to avoid circuity of actions, allowed the original defendant to deduct the amount of com-

pensation which the plaintiff had already received from the judgment and pay only the balance. As the law stood at the time Maio v. Fahs was decided, it was certain that any monies above this amount that were paid to the plaintiff would have to be paid over by the plaintiff to his employer who would in turn have to pay them back to the original defendant to satisfy the judgment for contribution against him. The same procedure, since the Act was amended, would not be doing equity between the parties. It is certain that some of the money received by the plaintiff as compensation payments should not be paid over by him to his employer, because he is entitled to retain a counsel fee by reason of the benefit which he had conferred upon his employer by his success in this litigation. Since it is impossible, until the compensation is fully paid or determined, to accurately prorate the counsel fee between the plaintiff and his employer, we cannot credit the original defendant with any sum which he may deduct from the judgment against him. His judgment can be satisfied under these circumstances only by a full payment of it, and he must then be left to enforce his judgment for contribution against the employer. Of course, this means that the employer will then recover from the employee such sum as he is entitled to. Unfortunately, this does not avoid circuity of actions, but, since we are dealing with unliquidated amounts, the Court can do nothing about it.

If the defendant's motion to satisfy the judgment should be granted, the defendant, in effect, would be taking the employee's money (counsel fee) which the latter is entitled to keep and applying it to his (defendant's) judgment for contribution against the third party (employer).

The procedure outlined cannot be taken as a general rule for all situations of this kind which might arise. The employer in this case has not sought to enforce his subrogation rights against the employee and the Court cannot of its own motion, and in the absence of agreement by the parties, arbitrarily fix a sum for counsel fees and costs to which the plaintiff is entitled. Therefore, the procedure outlined above appears to be the only practicable one available in the circumstances.

The motion is denied.