**Vladimir DOWHY**

v.

**HARVEY B. MOYER, INC.,** Defendant and Third-Party Plaintiff, Appellant,

v.

**EASTERN ENGINEERING COMPANY,** Third-Party Defendant, Appellant.

No. 13168.

United States Court of Appeals Third Circuit.

Argued May 10, 1960.

Decided May 16, 1960.

**754**

Joseph X. Heincer, Robert C. Kitchen, Philadelphia, Pa., on the brief, for Eastern Engineering Company, third-party defendant-appellant.

Thomas E. Comber, Jr., Philadelphia, Pa. (Perry S. Bechtle, Pepper, Hamil-

ton & Scheetz, Philadelphia, Pa., on the brief), for Harvey B. Moyer, Inc., defendant and third-party plaintiff-appellant.

Milton M. Borowsky, Philadelphia, Pa. (Abraham E. Freedman, Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellee, Vladimir Dowhy.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of a motion for direction of satisfaction of judgment. In the underlying action for damages for personal injuries, the plaintiff recovered a verdict of $25,000 against the original defendant and, on the third-party action, the original defendant recovered a verdict against the plaintiff's employer, the third-party defendant. The plaintiff had already received $6,782.47 in compensation payments, but the entire liability for compensation has not as yet been determined. Judgment has been entered against the original defendant but not against the third-party defendant inasmuch as the amount of its liability is still unliquidated.[1]

In this action the original defendant has paid into the registry of the court the amount of $18,643.71, representing $25,000, less the amount paid by the employer as compensation together with costs and interest, and has moved the district court to have the judgment marked satisfied. In support of this proposition, the defendant relies upon Maio v. Fahs, 1940, 339 Pa. 180, 14 A.2d 105, which interpreted the 1915 Compensation Act; however, as the district court noted, the Workmen's Compensation Act has since been amended, Act of May 29, 1951, P.L. 507, 77 Purdon's Pa.Stat.Ann. § 671. It is perfectly clear that by virtue of the amendment, the employee is entitled to a pro rata counsel fee measured by the amount of the employer's liability to him for compensation whether the compensa-

---

1. Under the Pennsylvania law, which is applicable here, the original defendant can recover against an employer who was a joint tortfeasor with him a judgment for contribution, but not in excess of the employer's liability to the plaintiff-employee for compensation.

tion has been paid or not. Soliday v. Hires Turner Glass Co., 1958, 187 Pa. Super. 44, 142 A.2d 425, allocatur refused. The statute makes no exception for the case where the employer has been found liable for contribution as a joint tortfeasor. Appellant would have us construe the statute to require an innocent employer to pay counsel fees but allow one who was at fault to recover in full.

In effect, this is an attempt on the part of the original defendant to utilize the right of subrogation which is granted by statute to the employer. But the statute expressly provides that the employer is not only liable for compensation payments but also for a proportionate share of counsel fees. Even assuming that the original defendant (the nonemployer) can utilize the employer's right of subrogation in satisfaction of its claim for contribution against the employer as a joint tortfeasor, as we have noted above, the statutory amount that the employer can recover under this right is the amount of payments of compensation less a pro rata share of counsel fees. All of this was thoroughly analyzed and covered in the opinion of Judge Kirkpatrick in the district court, 184 F.Supp. 31, with which we fully agree.

The order will be affirmed.