Joaquina QUINONES, Administratrix of the Estate of Sixto Quinones

v.

TOWNSHIP OF UPPER MORELAND
and

Miles Potter, Defendants and Third-Party Plaintiffs,

v.

Patrick McCABE, James McCabe, individually and as co-partners, trading as McCabe Brothers, Third-Party Defendants.

Civ. A. No. 23521.

United States District Court
E. D. Pennsylvania.

Dec. 6, 1961.

Edward R. Becker, Philadelphia, Pa., for plaintiff.

Michael A. Foley, Philadelphia, Pa., for Twp. of Upper Moreland.

Arthur B. Walsh, Jr., Langhorne, Pa., for McCabe Brothers.

Gerald J. Haas, Philadelphia, Pa., for State Workmen's Ins. Fund.

WOOD, District Judge.

In this action we are asked to direct the entry of judgment in accordance with the mandate of the United States Court of Appeals for the Third Circuit[1] 293 F.2d 237 in an action originally tried by our late colleague Judge Egan, D.C., 187 F.Supp. 260. A dispute has arisen between the plaintiff and the original defendant relative to their respective rights in the judgment to be entered as directed by the Appellate Court.

The facts as set forth in plaintiff's brief, which are not in dispute, are as follows:

This action was brought by Joaquina Quinones, widow of and Administratrix of the estate of Sixto Quinones, in accordance with the provisions of the Wrongful Death and Survival Statutes of the Commonwealth of Pennsylvania. The action sought to recover damages for the death of Sixto Quinones, which was the result of an accident which occurred in the course of excavation work in Upper Moreland Township on August 21, 1957. By leave of Court, Patrick J. McCabe, James McCabe, Sr. and Bernard McCabe, individually and as co-partners trading as McCabe Brothers, were made parties to the action by means of a third-party complaint filed by the original defendants, Township of Upper Moreland and Miles Potter, the Township engineer. At the time of the accident, Quinones was an employee of third-party defendants who were excavating and constructing a sewer for defendant Township.

The case was tried before the Honorable Thomas C. Egan and a jury on March 29 and 30, 1960. In the Wrongful Death and Survival Action the jury returned a verdict for the plaintiff in the amount of $35,000. In the third-party action, the jury returned a verdict in favor of the third-party defendants.

The original defendants, Township and Potter, filed various post-trial motions. The net result of these was that the judgment in favor of the plaintiff against the defendant, Township of Upper Moreland, was sustained, the judgment in favor of the plaintiff against defendant Potter was vacated by judgment n. o. v. in favor of Potter, and a judgment n. o. v. was also entered in favor of the third-party plaintiff Township of Upper Moreland against the third-party defendants for contribution to the extent of third-party defendant's workmen's compensation liability. Judge Egan also ordered that the total amount of third-party defendant's workmen's compensation liability was to be deducted from the judgment in favor of plaintiff and that the judgment so reduced should be subject to execution. Judge Egan's opinion is reported at 187 F.Supp. 260.

Defendant, Township of Upper Moreland, then appealed the case to the United States Court of Appeals for the Thir'

---

1. " * * * it is now here ordered and adjudged by this Court that the judgment of the said District Court (a) in favor of the plaintiff against the defendant Township of Upper Moreland in the sum of $35,000 reduced by McCabe's Workmen's Compensation liability to the plaintiff, be and the same is hereby affirmed, with costs to the plaintiff; (b) in favor of the defendant Miles Potter against the plaintiff be, and the same is hereby affirmed, with costs to the defendant Miles Potter; (c) in favor of the third-party plaintiff, Township of Upper Moreland, against the third-party defendants, Patrick J. McCabe, James McCabe, Sr., and Bernard McCabe, individually and as co-partners trading as McCabe Brothers, be and the same is hereby vacated with directions to enter judgment n. o. v. in favor of Township of Upper Moreland to the full extent of its liability under the judgment in favor of plaintiff against it when it has satisfied that judgment by payment to the plaintiff, with costs to the third-party plaintiff and against the third-party defendants."

**760**

Circuit. A cross appeal was filed by the plaintiff to the judgment n. o. v. in favor of Potter. In an opinion reported at 293 F.2d 237, the Circuit Court, speaking through Judge Kalodner, affirmed the plaintiff's judgment in the amount of $35,000 against the Township. The judgment n. o. v. in favor of Potter was likewise affirmed. In addition, the judgment entered by Judge Egan in favor of the third-party plaintiff Township against the third-party defendants McCabe Brothers was vacated with directions to enter judgment n. o. v. in favor of the Township to the full extent of its liability under the judgment in favor of the plaintiff, when it had satisfied that judgment by payment to the plaintiff.

The issue to be decided by us lies solely between plaintiff and original defendant as it may be affected by the obligations under the Pennsylvania Workmen's Compensation Act applicable to the employer Patrick McCabe, et al., the third-party defendant.

In the case of Latimir Dowhy v. Harvey B. Moyer, Inc., Defendant and Third-Party Plaintiff, v. Eastern Engineering Company, Third-Party Defendant, 184 F.Supp. 31, (E.D.Pa.1960), Judge Kirkpatrick held that the rule of Maio v. Fahs, 339 Pa. 180, 14 A.2d 105, was not applicable because the Workmen's Compensation Act of the Commonwealth of Pennsylvania had been amended several times since that case was decided. He stated that since the Act of 1951, May 29, P.L. 507, 77 P.S. § 671, there remains no doubt that by virtue of the amendment the employee is entitled to a *pro rata* counsel fee measured by the amount of the employer's liability to him for compensation whether the compensation has been paid or not. In support of this position he cited Solida v. Hires-Turner Glass Co., 187 Pa.Super. 44, 142 A.2d 425.

In the Dowhy case, supra, there had been a verdict recovered of $25,000, and the original defendant had paid into the registry of the Court the amount of $18,643.71, representing $25,000, less the amount already paid by the employer to plaintiff as compensation, together with costs and interest. The defendant then moved to have the judgment satisfied. Judge Kirkpatrick denied the motion on the ground that since the Act of the Commonwealth of Pennsylvania clearly set forth that the third-party defendant was responsible for counsel fees, defendant was not entitled to satisfaction of the judgment until he had paid the full amount of plaintiff's verdict into the registry of the Court, which had not been done. Judge Kirkpatrick stated:

"His judgment can be satisfied under these circumstances only by a full payment of it, and he must then be left to enforce his judgment for contribution against the employer. Of course, this means that the employer will then recover from the employee such sum as he is entitled to. Unfortunately, this does not avoid circuity of actions, but since we are dealing with unliquidated amounts, the Court can do nothing about it." (At p. 33 of 184 F.Supp.)

An appeal was taken from the denial of the motion for a direction of satisfaction of judgment to the United States Court of Appeals for the Third Circuit and in a decision *per curiam*, after a hearing before Judges Goodrich, McLaughlin and Staley; (278 F.2d 753, decided May 16, 1960), the Third Circuit held as follows:

"In effect, this is an attempt on the part of the original defendant to utilize the right of subrogation which is granted by statute to the employer. But the statute expressly provides that the employer is not only liable for compensation payments but also for a proportionate share of counsel fees. Even assuming that the original defendant (the non-employer) can utilize the employer's right of subrogation in satisfaction of its claim for contribution against the employer as a joint tortfeasor, as we have noted above, the statutory amount that the employer can recover under this right is the amount of payments of compensation less a prorata share of counsel fees. All of this was thoroughly

analyzed and covered in the opinion of Judge Kirkpatrick in the District Court, 184 F.Supp. 31, with which we fully agree." (At p. 755)

In our case, we have another problem. Not only is the amount which might be due unliquidated as to counsel fees, but, admittedly, the amount of future compensation payable is dependent on two uncertain factors: namely, whether those entitled to compensation will live for the entire period during which compensation is allowable, and also, whether or not the widow will remain unmarried. In view of the relationship of the parties, it is entirely impossible therefore at this time to determine how much, if any, future compensation will be payable; but we do know at this time the amount of compensation which has been paid to date and that appears to be as of November 6, 1961, the sum of $7,408.71. As we understand Dowhy v. Moyer, supra, the total amount of compensation paid or payable in the future could have been determined. The unliquidated amount, that which the Court could not determine, was the counsel fees and costs. Unfortunately, our situation is more complicated. If it is within our power to fix counsel fees and costs, we are still faced with the problem as to the amount of compensation due and payable in the future. We must therefore consider this case in the light of Dowhy v. Moyer, supra, and as related to the unusual circumstances before us. In the first instance, we have no problem in holding that the original defendant, Township of Upper Moreland, must forthwith pay into the registry of the Court the total amount of the verdict: namely, $35,000, with interest thereon at the rate of six percent from March 30, 1960. The Township of Upper Moreland will then have the right to enforce its claim against the third-party defendant for contribution to the full extent of its liability under the Workmen's Compensation Act of the Commonwealth of Pennsylvania.[2] The question remains, however: How is this to be accomplished? Both Judge Kirkpatrick and the Circuit Court of Appeals referred to "circuity of actions" and certainly the Compensation Act as now written leaves this question open for either legislative or judicial action. We are faced with an unusual problem and the mandate from our Third Circuit which requires, in our opinion, affirmative action so that this matter can be determined with justice and under the law so that all parties in interest may be fully protected. We are not unmindful that the original judgment was obtained more than one year ago, that it has not been satisfied, and that there is a serious dispute between the parties. We are also not unmindful that the above opinions both referred to unliquidated claims arising from the terms of the Act which allow counsel fees but state no amount. Determination of this issue, however, should not await action by the Legislature of the Commonwealth of Pennsylvania in the form of an Act which would cover this particular situation and the rights of the parties in our opinion should be protect-

2. In Pennsylvania there is no right of indemnity between parties guilty of concurrent active negligence. " * * * The right of contribution against the employer of the injured party is limited, however, to the extent of the employer's Workmen's Compensation liability." Quinones v. Township of Upper Moreland, Opinion of Judge Egan, 187 F.Supp. 260, 273. In the same case on appeal, in the Opinion of Judge Kalodner, 293 F. 2d 237, 242, it was held: "Applying the principle stated to the instant case we are of the opinion that the testimony establishes that McCabe's liability for failure to shore the trench was primary and that of Township secondary, and accordingly under the indemnity provisions of the contract between the parties, Township is entitled to a judgment of indemnity against McCabe in the third-party action to the full extent of plaintiff's verdict against Township." In short, the indemnity contract created additional rights between McCabe, third-party defendant, and Upper Moreland Township, original defendant, for indemnity, but did not change the basic rule of law as to the rights between plaintiff and original defendant as they might be affected by contributions under the Workmen's Compensation Act.

ed by the entry of a judgment with right of execution to carry out the mandate of the Circuit Court of Appeals in the light of the opinion of Judge Kirkpatrick as affirmed by the Third Circuit in the case of Dowhy v. Moyer, supra.

Before concluding this matter, we wish to point out, so that there will be no misunderstanding, that we are not construing the mandate with regard to indemnity between Township of Upper Moreland and Patrick McCabe, et al. (See footnote 2.) The issue before us is the matter of entry and satisfaction of a judgment in favor of plaintiff and against Township of Upper Moreland being Part (a) of the mandate set forth in footnote 1 or "in favor of the plaintiff against the Township of Upper Moreland in the sum of $35,000 reduced by McCabe's Workmen's Compensation liability to the plaintiff be and the same is hereby affirmed with costs to the plaintiff."

### Order

And now, to wit, this 6th day of December, 1961, It Is Hereby Ordered that:

1. The original defendant shall pay into the registry of the Court the full amount of the verdict, $35,000, with interest thereon from March 30, 1960, at the rate of six percent, and costs in the sum of $441.60, pursuant to bill of costs duly filed;

2. Plaintiff shall remit to the original defendant the sum of $7,408.71, being the amount of compensation received to the date of this argument or any amount in excess thereof, less counsel fee of one-third, or if the amount of $7,408.71 is the full amount of compensation paid, counsel fee of $2,469.57 may be retained by the plaintiff.

3. From and after the date of this Order, the State Workmen's Compensation Fund, the compensation carrier for the employer, Patrick McCabe, et al., shall, on all future compensation payments due the plaintiff, pay two-thirds of the compensation due to the original defendant and one-third thereof to the plaintiff as reimbursement of counsel fee paid by the plaintiff on this portion of the recovery.

4. Counsel of record for the plaintiff shall file with the Court a statement setting forth whether or not his whole counsel fee has been paid on the entire recovery represented by the amount of the verdict as hereinbefore set forth. If counsel has received a fee only on the net amount recovered and no fee for the balance, then he shall so indicate in his statement filed, and indicate whether or not he has any further claims against the plaintiff for future counsel fees.

