### Skoda, Appellant, *v.* National Mines Corporation.

Argued November 12, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Thomas A. Livingston,* with him *Livingston, Miller & Haywood,* for appellant.

*George I. Buckler,* with him *Meyer, Darragh, Buckler, Bebenek & Eck,* for appellee.

OPINION BY WATKINS, J., December 12, 1968:

This is an appeal by Virginia Skoda, widow, the appellant, from the order of the Court of Common Pleas of Westmoreland County dismissing exceptions filed by her to the order of the Workmen's Compensation Board that awarded the lump sum balance due under a workmen's compensation agreement in the amount of $7000 to the appellee, West Penn Power Company.

On June 24, 1957 Frank B. Skoda, Jr., the late husband of the appellant, was injured at work as an employee of National Mines Corporation and died on August 17, 1957 as a result of his injuries. Thereafter, his widow instituted Survival and Wrongful Death actions in the Court of Common Pleas of Westmoreland County against the West Penn Power Company. The company later joined the employer, National Mines Corporation as an additional defendant. The Wrongful Death action was dismissed because it was filed after the running of the statute of limitations. The

trial of the Survival Action resulted in a verdict in favor of the appellant against both defendants, in the sum of $152,213, which verdict was reduced by the Supreme Court of Pennsylvania to $136,896.62. In making payment of the final judgment to the administratrix of the estate and her attorney, West Penn Power Company, by agreement, and without objection, took credit for compensation paid to the decedent and to the widow and her children, to the date of June, 1963, in the sum of $10,408.70.

The compensation agreement entered into by the decedent provided for payments at the rate of $37.50 weekly. After the death of Frank Skoda, Jr., the appellant herein, for herself and two minor children entered into a compensation agreement which set forth her benefits under the Act. The compensation paid to the decedent and on his death to his widow up to June, 1963 amounted to $10,408.70, which was credited to West Penn Power Company without objection. In July, 1963 the appellant executed a petition to modify the agreement. This petition recited that the West Penn Power Company was entitled to all future compensation payments. The petition also requested commutation of future payments to a lump sum of $7000. On October 2, 1963 the appellant, with counsel, appeared and made no objection to the commutation.

The question before the court below and on appeal before this Court is the determination of whether the appellant and her minor children or West Penn Power Company are entitled to the commutated sum of $7000 still due. The Workmen's Compensation Board decided that the West Penn Power Company is entitled to the balance of compensation due. The court below agreed with the Board. This appeal followed.

The appellant bases its argument solely on the fact that under the Survival Action the verdict is payable

to the estate rather than directly to the next of kin. This is without merit. In a recent case in this Court, *Demmery v. National Union Fire Insurance Company*, 210 Pa. Superior Ct. 193, 232 A. 2d 21 (1967), we held that subrogation presupposes an actual payment and satisfaction of the debt and operates "only to secure contribution and indemnity . . .". Thus contribution and subrogation are merely reverse sides of the same legal coin. Both are equitable rights. In the instant case the appellant agreed to the credit as to "compensation paid" since the tortfeasor deducted from the total verdict, the amount of compensation which had already been paid by the employer.

The fact that the verdict rendered was under the Survival Action and not under the Wrongful Death Action making the payment due to the estate rather than to the next of kin is immaterial since such a distinction between the two actions disappears in the face of the Workmen's Compensation Act, as amended, 77 PS §671, which provides: "Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; . . .". See also: *Demmery v. National Union Fire Insurance Company*, supra; *Swartz v. Sunderland*, 403 Pa. 222, 169 A. 2d 289 (1961). To sustain this appeal would result in a double recovery. *Elston v. Industrial Lift Truck Company*, 420 Pa. 97, 216 A. 2d 318 (1966). In that case, at page 102, the Supreme Court said: "Pennsylvania, however, giving recognition to the equities underlying contribution, allows a recovery by the third-party tortfeasor to the extent of the employer's liability and workmen's compensation. Brown Equipment Rental

Corp. v. Dickey, 397 Pa. 454, 155 A. 2d 836 (1959); Shaull v. A. S. Beck New York Shoe Co., Inc., 369 Pa. 112, 85 A. 2d 698 (1952); Maio v. Fahs, 339 Pa. 180, 14 A. 2d 105 (1940); See Note, Contribution and Indemnity: The Effect of Workmen's Compensation Acts, 42 Va. L. Rev. 959, 967, 976 (1956). In so restricting recovery, Pennsylvania preserves the limited liability feature of its workmen's compensation act while at the same time giving partial effect to its policy in favor of contribution between joint tortfeasors."

The court below in a well considered opinion by Judge Keim succinctly set forth the reasoning of the court en banc as follows:

"It is elementary that under the laws of the Commonwealth of Pennsylvania, a joint tortfeasor is entitled to contribution from an employer of an injured person found jointly negligent to the extent of compensation both paid and payable because of the Uniform Contribution Among Tortfeasors Act. See Brown v. Dickey, 397 Pa. 454. At several stages of this proceedings, the plaintiff and her attorney had numerous opportunities to disagree and oppose West Penn's right of contribution. At the time of the payment of the final judgment, they could have opposed the action of West Penn in taking credit for compensation paid to that time. They also could have opposed the right of contribution in both July and October, 1963 when they initially signed a Petition that West Penn was entitled to future compensation payments and then appeared at a hearing where they had no objection to commutation in favor of West Penn Power Company. We feel their actions at these various times were in accord with 77 PS §671, as amended; which provides in substance that subrogation may be asserted against the rights of the employee, his personal representative, his estate or his dependents to the extent of compensation

payable. See Funk v. Buckley and Company, 158 Pa. Superior Ct. 586 (1946). If we were to reverse the Workmen's Compensation Board and permit the plaintiff to collect the balance of compensation due, we would be allowing a double recovery contrary to the clear intent of the Workmen's Compensation Act and the Uniform Contribution Among Tortfeasors Act. We are compelled by 77 PS 671, as amended, to conclude that the Workmen's Compensation Board was correct in its findings in this case, and we enter the following order :".

The order of the court below is affirmed.