**Helen DiVIRGILIO, Administratrix of the Estate of Desiderio L. DiVirgilio, Deceased, Plaintiff,**

v.

**NORTON COMPANY, a corporation, Defendant and Third-Party Plaintiff,**

v.

**FORT PITT STEEL CASTING, a division of Kearney National, Inc., and Fort Pitt Steel Casting, a division of Pittron, division of Textron, Inc., Third-Party Defendants.**

**Civ. A. No. 69–310.**

United States District Court, W. D. Pennsylvania.

June 7, 1972.

Edward J. Balzarini, Pittsburgh, Pa., for DiVirgilio.

James F. Manley, Pittsburgh, Pa., for Fort Pitt Steel Casting et al.

Thomas J. Reinstadtler, Jr., Pittsburgh, Pa., for Norton Co.

## OPINION

DUMBAULD, District Judge.

Of two joint tortfeasors, one was plaintiff's employer, and had paid over $12,000 in workmen's compensation, (for which we shall use the symbol CP). The verdict was for $40,000.00 (symbol V). An undetermined amount of future compensation (CF) would have been due at the rate of $62.50 per month until the employee's widow dies or remarries.

After briefs and a lengthy and thorough oral argument, the chief issue as to which disagreement between counsel persisted appears to be whether plaintiff's counsel is entitled to a fee on the total obligation of the compensation carrier (CP plus CF), or merely on CF. Another less disputed point is whether the non-employer tortfeasor should pay plaintiff at once the whole amount of the verdict (V) or just $\frac{V}{2} + (\frac{V}{2} - CP)$, or (if V = $40,000 and CP = $12,000), $28,000.

Under accepted principles of Pennsylvania law, each of two joint tortfeasors should bear half of the verdict; the plaintiff is entitled to only one recovery (in the amount of the verdict—thus CP would have to be deducted from V to prevent unjust enrichment of the plaintiff); and that an employer tortfeasor's maximum tort liability is his liability for workmens compensation. These rules are set forth clearly in Judge Woodside's opinion in Stark v. Posh Construction Co., 192 Super. 409, 414–417, 162 A.2d 9 (1960).

The statutory *sedes materiae* applicable to the question of fees is found in 77 P.S. § 671 (last amended in 1961):

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that

the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation.

That the non-employer tortfeasor should pay the amount set forth in the above formula ($28,000 in our example) seems to be the mandate of the last sentence of the statute above-quoted. It requires payment "forthwith" to the employee of the "excess" of the verdict (V) over "the compensation theretofore paid" (CP).

This is to be treated as advance payment by the employer on account of future instalments of compensation. The employer thus is relieved of making continuing future payments until the advance is exhausted. This substantial economic advantage is a benefit accruing to the employer by reason of the tort litigation; and therefore the legislature has directed that the employer shall be liable for a prorated attorney's fee and proper disbursements incurred in handling the litigation to a successful conclusion.

The statutory liability for fees and disbursements is imposed solely on the employer-defendant and the employee-plaintiff, and not upon the non-employer joint tortfeasor.

The employer's share is measured by the proportion which the amount of compensation *"paid or payable"* at the time of verdict bears to the total amount of the verdict, *i. e.* (CP + CF): V.

■■ Therefore it would seem that the non-employer tortfeasor should pay to employee the amount determined by the above formula ($28,000 in our example); that said tortfeasor should thereafter receive from employer the future compensation payments as, when, and if they become due, until said tortfeasor has recouped the excess of its payment to plaintiff over the amount of half the verdict; and that employer should pay to plaintiff's counsel (together with proper disbursements) a fee based upon the total obligation due, whether paid or payable,[1] payment upon the "payable" or future portion to be made *pari passu* with payment to the parties entitled thereto of the instalments falling due.

This question being entirely a matter of statutory construction, and the legislative language having been frequently amended, we derive little help from earlier judicial pronouncements, but must, as admonished by Lord Coke and Justice Frankfurter, "read the statute, read the statute, read the statute." [2]

We approve the suggestion of plaintiff's counsel that his fee be reduced to one-third of the amount involved.

Counsel will settle order on notice accordingly.

1. This conclusion is supported by Long v. Marino Masse Inc., 205 Super. 344, 349, 208 A.2d 920 (1965); Wall v. Conn. Welding & Machine Co., 197 Super. 360, 363–367, 179 A.2d 235 (1962); and Zuchowski v. John S. Marvin Bldg. Co., 197 Super. 520, 179 A.2d 239 (1962).

2. Henry J. Friendly, "Mr. Justice Frankfurter and the Reading of Statutes," in Wallace Mendelson (ed.) Felix Frankfurter the Judge (1964) 36 emphasizes Frankfurter's "threefold imperative to law students: (1) Read the statute; (2) read the statute; (3) read the statute!"