Charles V. GRIMM

v.

O. K. KECKLEY CO., Defendant and
Third-Party Plaintiff,

v.

RAMCLIF SUPPLY and Evans Products
Company, Third-Party Defendants.

Appeal of EVANS PRODUCTS
COMPANY.

No. 76–2086.

United States Court of Appeals,
Third Circuit.

Argued March 28, 1977.

Decided May 5, 1977.

James K. Thomas, II, Metzger, Hafer, Keefer, Thomas and Wood, Harrisburg, Pa., for appellant.

Joseph D. Shein, Philadelphia, Pa., for appellee Charles V. Grimm.

Frank B. Boyle, York, Pa., for appellee Ramclif Supply Co.

Christian S. Erb, Jr., Robert P. Reed, Metzger, Wickersham, Knauss & Erb, Harrisburg, Pa., for appellee O. K. Keckley Co.

Before SEITZ, Chief Judge, and ALDI-SERT and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This appeal presents the narrow issue whether the Pennsylvania Workmen's Compensation Act, *as amended,* Pa.Stat.Ann. tit. 77, § 671 (Purdon's Supp.1976), requires that an employer pay a percentage of the counsel fees incurred by an employee in a successful action against a third party when the employer has been joined and held liable as a third party defendant. The Pennsylvania statute provides for reimbursement of a plaintiff-employee's counsel fees under the heading "Subrogation of Employer":

> § 671. *Subrogation of employer to rights of employee against third persons; subrogation of employer or insurer to amount paid prior to award*
>
> Where the compensable injury is caused in whole or in part by the act or

omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation.

.    .    .    .    .

When it was enacted in 1915, § 671 made no mention of counsel fees. The section codified the employer's subrogation rights to prevent double recovery by the employee, *Skoda v. National Mines Corp.,* 213 Pa. Super. 489, 249 A.2d 829 (1968), and to encourage participation in the then-voluntary program by limiting the employer's indemnification liability. *O'Neill v. United States,* 450 F.2d 1012, 1017 (3d Cir. 1971). In the original scheme, the employer recouped 100% of its prior compensation payments but effectively reduced the employee's recovery by contributing nothing to the cost of obtaining the fund. This inequity was corrected in 1937 by an amendment which allowed subrogation in the amount of compensation benefits, "less reasonable attorney's fees." *Conrad v. Aero-Mayflower Transit Co.,* 152 Pa.Super. 477, 33 A.2d 91 (1943). A further refinement, which survived subsequent amendments to the section, provided that attorney's fees be pro-

rated between employer and employee in the manner quoted above.

■ Under Pennsylvania law, an employer joined as a defendant and found liable may not recover prior compensation payments. Appellant, the unlucky employer in the proceedings below, argues that "subrogation" under § 671 applies only when the employer actually recovers part of the employee's fund. Notwithstanding that its liability to the original defendant may not exceed amounts paid or payable under the Workmen's Compensation Act, *Burke v. Duquesne Light Co.,* 231 Pa.Super. 412, 332 A.2d 544, 547 (1974), appellant protests that it has realized no benefit from the employee's endeavors and should not be required to subsidize them.

This court last discussed § 671 in *Dowhy v. Harvey B. Moyer, Inc.,* 278 F.2d 753 (3d Cir.), *aff'g per curiam* 184 F.Supp. 31 (E.D. Pa.1960). In *Dowhy* the employer's entire liability for compensation benefits had not yet been determined when it was joined and held liable as a defendant in the employee's action against a third party. The district court held that the accepted formula for satisfaction of the judgment against the original defendant, *Maio v. Fahs,* 339 Pa. 180, 14 A.2d 105 (1940), was inappropriate where the employer's payments were unliquidated. If the employer were given credit for the partial payments already made, the original defendant would actually receive the counsel fee due the employee. Since attorney's fees could not be prorated until compensation was fully paid, the court directed the original defendant to pay the verdict in full and enforce his judgment for contribution against the employer in a subsequent action, at which time "the employer will then recover from the employee such sum as he is entitled to." 184 F.Supp. at 33.

■ For our purposes, the reasoning in *Dowhy* is more relevant than the result. As this court stated in its affirmance:

It is perfectly clear that by virtue of the amendment, the employee is entitled to a pro rata counsel fee measured by the

amount of the employer's liability to him for compensation whether the compensation has been paid or not. *Soliday v. Hires Turner Glass Co.,* 1958, 187 Pa.Super. 44, 142 A.2d 425, allocatur refused. The statute makes no exception for the case where the employer has been found liable for contribution as a joint tortfeasor. Appellant would have us construe the statute to require an innocent employer to pay counsel fees but allow one who was at fault to recover in full. . . . [T]he statutory amount that the employer can recover under this [subrogation] right is the amount of payments of compensation less a pro rata share of counsel fees.

278 F.2d at 754–55. *See also DiVirgilio v. Norton Co.,* 344 F.Supp. 552 (W.D.Pa.1972); *Curtis v. Simpson Chevrolet,* 348 F.Supp. 1062, 1064 (E.D.Pa.1972); *Quinones v. Township of Upper Moreland,* 199 F.Supp. 758 (E.D.Pa.1961). Section 671 clearly applies to situations in which the employer is a joint tortfeasor: "Where the compensable injury is caused *in whole or in part* by . . . a third party . . . reasonable attorney's fees . . . incurred in obtaining a recovery . . . shall be prorated between the employer and employe . . . ." The employer benefits even when it does not actually recoup the compensation actually paid, since its exposure as a tortfeasor and, therefore, its liability to other defendants, is expressly limited. Having benefitted from the employee's action in the proportion of compensation paid to the total recovery, the employer should be responsible for counsel fees to that extent.

The judgment of the district court will be affirmed.

JAMES HUNTER, III, Circuit Judge, dissenting:

Once again we are, because of diversity jurisdiction, required to guess what the Pennsylvania law would be. Because I disagree with the majority's conjecture as to Pennsylvania law, I must respectfully dissent.

As I see it, the overriding concern of the Pennsylvania legislature is to provide limited liability [1] for the workmen's compensation employer. The employee who is covered by workmen's compensation cannot sue an employer for negligence. That much is clear. What has been unusual in Pennsylvania, and what ties the Gordian knot in this case, is a court-created right of contribution against an employer. When the injured employee sues an outside party, that party can join the employer, who, if found jointly liable, can be held responsible for contribution.[2]

If there were no right of contribution, the defendant would pay the entire amount, and the employer could then recover, under 77 P.S. § 671, any amounts paid in workmen's compensation. Section 671 also provides that an employer who receives that recoupment benefit must pay a prorated share of the employee's attorney's fees. That, indeed, is the standard Pennsylvania subrogation procedure.

The abnormal procedure, which allows a defendant to receive contribution from an employer, who would be otherwise immune from a tort suit, was created by the Pennsylvania courts.[3] Equity seemed to demand that an employer who was also negligent should not get off scot-free when the employee successfully sued someone else. On the other hand, essential to a successful compensation program is the assurance that

---

1. I use this term for convenience. See *Socha v. Metz,* 385 Pa. 632, 637, 123 A.2d 837, 839 (1956).

2. *See, e. g., Brown v. Dickey,* 397 Pa. 454, 155 A.2d 836 (1959).

3. The first case to allow contribution was *Maio v. Fahs,* 339 Pa. 180, 14 A.2d 105 (1940). The court was faced with a conflict between the state contribution among joint tortfeasors rule

and the exclusivity of workmen's compensation payments as the employer's liability. The compromise was to allow contribution but to limit it:

The limit of the contribution which may be obtained by the paying defendant from [the employer] is the limit of *that* defendant's liability to the plaintiff under the Compensation Act.

339 Pa. at 192, 14 A.2d at 111.

an employer's outlay is strictly limited.[4] The compromise effected by the courts was to make the negligent employer contribute an amount not to exceed the employer's liability under workmen's compensation.[5]

The conflict between the statutory mandate that a subrogated employer must pay a share of attorney's fees and the courts' allowance of limited contribution has never been resolved by the Pennsylvania courts. Perhaps aware of the insoluble tangles created by the superimposition of contribution on subrogation, the Pennsylvania legislature has now expressly prohibited contribution in such cases. 77 P.S. § 481 (Purdon's Supp.1976–77). Unfortunately, we have this term been presented with two cases in which we must guess at Pennsylvania's preferred solution.[6]

The stage is set as follows. The employee receives a verdict against an outside defendant; the employer, a third party defendant, is found jointly liable; workmen's compensation has been or will be paid. The original defendant is, therefore, entitled to a "credit" of workmen's compensation benefits.[7] This can be effected either by deducting that amount from the verdict, as happened in the case *sub judice,* or by having the defendant pay the full verdict and then go against the employer for the compensation amount, as happened in *Cianfero,*

*see* footnote 6 *supra.* The next step is our narrow issue: should the employer pay a share of attorney's fees *in addition* to paying the full workmen's compensation amount?[8]

By focusing on the employer's out-of-pocket expenses one can appreciate the significance of the question. As between a non-suing employee and his or her employer, the employer will not be out of pocket any more than the ceiling of payments due under the workmen's compensation program. If the employee recovers against an outside party who does not join the employer, the employer can recoup payments made *less* a share of the employee's attorney's fees. Thus, the employer will be out of pocket *less* than the workmen's compensation program's ceiling.

Now, in the case before us, the employer can be forced to pay in contribution "an amount not to exceed his liability under the Act." Suppose the employer pays, to the original defendant, the maximum under the regular compensation program. If a share of attorney's fees is *added* to that amount, the employer will be out of pocket *more* than he or she could be under the state compensation program. That is the result reached by the majority opinion, and that is where I disagree.[9]

---

**4.** Such assurance is particularly important in Pennsylvania, where participation in the workmen's compensation program is voluntary. *O'Neill v. United States,* 450 F.2d 1012, 1017 (3d Cir. 1971) (dicta).

**5.** The *Maio* holding was carefully re-examined in *Brown, supra* note 2. The court concluded that the original defendant's equitable right to contribution must bow to the employer's statutory right to be free from common law liability. 397 Pa. at 459, 155 A.2d at 839.

**6.** The other case is *Cianfero v. American La-France Corp.,* Civ.No. 76–1808. There the original defendant paid the full verdict, and asked the joint tortfeasor employer for contribution. The employer recouped, from the employee, workmen's compensation paid *less* a portion retained by the employee for counsel fees. The employer tendered the reduced amount to the defendant who refused it, claiming entitlement to the full compensation amount.

**7.** To simplify we will assume the compensation payments have already been made.

**8.** Two federal district courts have ruled on this issue. In *Quinones v. Upper Moreland,* 199 F.Supp. 758, 762 (E.D.Pa.1961), the court said no, as for past compensation, the employee must remit to the defendant that amount *less* a share for counsel fees; as for future payments, the employer would pay two-thirds to the defendant, as contribution, and one-third to the employee, for counsel fees. *See* footnote 10 *infra.*

> On the other hand, the court in *DiVirgilio v. Norton Co.,* 344 F.Supp. 552 (W.D.Pa. 1972), said yes, when the entire compensation amount had been applied as a credit, the employer must, in addition, pay a share of plaintiff's counsel fees.

**9.** The strong state policy of limiting the contributing employer's expenses is repeated in *Elston v. Industrial Lift Truck Co.,* 420 Pa. 97, 216 A.2d 318 (1966) (per Roberts, J.):

> Absent such a limitation on contribution, the employer could complain with considerable cogency that he has been compelled to

First, this additional cost to the employer can only occur when contribution has been allowed. And, when the state courts devised their contribution theory, they repeatedly specified that in no event was the employer's liability to exceed the amount in the usual compensation program. To demand that Evans Products Company pay attorney's fees here is to demand payments in excess of Evans' liability under the Act. It has the additional drawback of requiring an employer to pay *more* when someone else is also negligent than when solely the employer is negligent. See footnote 9 *supra*.

But, it is argued, if the employer does not pay a share of attorney's fees, the plaintiff will be unduly burdened. Here, for instance, Grimm would pay a contingent fee based on the total award even though part of that award represents his workmen's compensation benefits. I agree that this would be unfair.[10]

My solution would be to deduct the prorated share of attorney's fees from the workmen's compensation amount that will be contributed to the original defendant. The employer would then be out of pocket no more than under the Act; yet the injured plaintiff would not be unfairly charged with legal fees. The burden, of course, would fall on the original defendant. One way of looking at it would be to say that, under my plan, the original defendant would be paying the employer's share of plaintiff's attorney's fees. I prefer to view it as: the original defendant, who receives any contribution only by the state courts' desire to do equity, will receive only that amount which does not leave the employer out of pocket more than he or she would be under the normal statutory scheme.

My solution can also be visualized mechanically as follows. The original defendant pays the total amount of the verdict, then asks the employer for contribution. The employer will contribute what can be recovered from the employee via subrogation. As payment to the employee for recoupment, the employer receives back the workmen's compensation amount *less* a share of attorney's fees.[11] That lessened amount is then contributed to the original defendant, who, as I said, is fortunate to receive anything.

Finally, I am convinced that we approve just such a procedure in *Dowhy, supra.* The issue before us in *Dowhy* was whether the original defendant had satisfied his judgment when he paid the verdict amount as reduced by the entire amount paid to the employee as workmen's compensation. We hold he had not, *because* the employee was entitled to receive a prorated share of counsel fees from the employer. We said that the original defendant was, in effect, trying to use the employer's right of subrogation—which he could not do—but even if he could, the employer would recover only "the amount of payments of compensation *less* a pro rata share of counsel fees." 278 F.2d at 755 (emphasis added).

The district court in *Dowhy*, with whose opinion we fully agreed, described the state procedure as I have done. Before attorney's fees were a factor, the original defendant would deduct compensation received, and pay the balance. This worked a short-cut. Otherwise the defendant would pay all; the employee would remit to the employer compensation payments; the employer would then contribute that amount to the defendant. But with attorney's fees as a factor:

contribute to a recovery by the employee beyond the amount that the latter would be entitled to under workmen's compensation. Thus, he would be exposed to a potentially larger liability in those circumstances in which a third-party tortfeasor was involved than where his own negligence was the sole cause of the injury.
420 Pa. at 103 n. 3, 216 A.2d at 320 n. 3 (dicta).

**10.** On this, I agree with the majority's reliance on our opinion in *Dowhy v. Eastern Engineering Co.*, 278 F.2d 753 (3d Cir. 1960): the em-

ployer remains liable for a proportionate share of counsel fees.

**11.** If there are also future workmen's compensation payments due, the employer can turn over those payments, as the time comes, in a bifurcated fashion—a part of each going to the plaintiff-employee as reimbursement for attorney's fees. This, incidentally, was the treatment ordered by the lower court.

The same procedure . . . would not be doing equity between the parties. It is certain that some of the money received by the plaintiff as compensation payments should not be paid over by him to his employer, because he is entitled to retain a counsel fee by reason of the benefit which he [has] conferred upon his employer by his success in this litigation.

184 F.Supp. at 33.

The clear implication is that now the defendant could deduct the compensation amount *less* a portion representing plaintiff's counsel fees. Otherwise, said the court,

the defendant, in effect, would be taking the employee's money (counsel fee) which the latter is entitled to keep and applying it to his (defendant's) judgment for contribution against the third party (employer).

*Id.* In *Dowhy*, however, the unliquidated amount of compensation payments made it impossible to arrive at an exact amount, so the court ordered the defendant to pay the full verdict after which he could work out the employer's contribution.

To reach a result that would be correct in my view, this court should order the contribution credit to be reduced by a prorated share of the employee's counsel fees.

