

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2004

# Staples Inc v. Wausau Underwriters

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1317

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Staples Inc v. Wausau Underwriters" (2004). *2004 Decisions.* Paper 624.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/624

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 03-1317

STAPLES, INC.,

Appellant

v.

WAUSAU UNDERWRITERS INSURANCE COMPANY

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 01-cv-03882)
District Judge:  Hon. Legrome D. Davis

Argued December 4, 2003

Before:  SLOVITER and ALITO, Circuit Judges, and OBERDORFER, District Judge*

(Filed: June 3, 2004)

Kimberly A. Boyer  (Argued)
Marshall, Dennehey, Warner,
Coleman & Goggin
Philadelphia, PA 19103

      Attorney for Appellant

---

\*     Hon. Louis F. Oberdorfer, United States District Court for the District of
Columbia, sitting by designation.

Steven L. Chung      (Argued)
Kelley, McLaughlin, Foster, Bracaglia,
Daly, Trabucco & White, LLP
Philadelphia, PA 19103

     Attorney for Appellee


## OPINION OF THE COURT


SLOVITER, Circuit Judge.

Staples, Inc. appeals from the District Court's order denying it reimbursement from Wausau Underwriters Insurance Company (Wausau) for money Staples paid to satisfy and defend an arbitration award rendered against it in an action filed by Robert Kline. The District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332, and we have jurisdiction pursuant to 28 U.S.C. § 1291. For reasons set forth below, we will reverse the decision of the District Court in part and affirm it in part.

**I.**

Inasmuch as we are writing solely for the parties, we will recite only those facts necessary in the consideration of this appeal. There are two insurance policies at issue: one covers liability; the other covers workers' compensation. We consider first the liability policy.

On October 15, 1996, Robert Kline, an employee of Brenner Associates, d/b/a National Marketing Services (Brenner Associates), sustained an injury while performing work at a Staples store, located in West Chester, Pennsylvania. Staples hired Brenner to

2

set up the floor and displays in its stores, and Kline was resetting a back room when a Staples employee allegedly swung open a door that caused two tables to fall on Kline's back, causing injury.

Kline's attorney presented a claim to Staples for his injuries by letter dated December 5, 1996. Staples' claims coordinator, Karla Petery, reported the incident to its insurer, CNA Insurance Company (CNA).

Brenner was insured by Wausau under a policy (Wausau Policy) that contained the following "Additional Insured Endorsement:"

> WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of "your work" for that insured by or for you.
>
> The coverage afforded by this endorsement does not apply to "bodily injury" or "property damage" included in the "products/completed operations hazard" unless such coverage is required by an "insured contract" between you and the additional insured shown in the Schedule.

App. at 246 (capitals in original). The Wausau Policy defined "your work" as:

> a. Work or operations performed by you or on your behalf; and
> b. Materials, parts or equipment furnished in connection with such work or operations.

App. at 219. Staples was listed as an additional insured under the Wausau Policy. App. at 244.

On March 24, 1997, Staples[1] formally tendered a request for defense and

---

[1] The communication on behalf of Staples was made to and from Jeff Luhrs, a claims adjuster for CNA. To simplify the parties, we have substituted "Staples" in the text where appropriate.

indemnification from Wausau based on the additional insured provision of the Wausau Policy, and requested that Wausau inform it of any information it might need to consider the request. This request was tendered again on April 23, 1997.

On May 13, 1997, Wausau informed Staples that it was in the process of reviewing the request, but asked Staples to "provide [it] with more information," such as "all documentation relating to the investigation of this claim [including] statements, scene photographs and diagrams, contracts involving parties, and claimant's letter of representation." App. at 255. Staples responded by sending Kline's letter of representation and the certificate of insurance, but stated, "[we] do not have any statements, photographs and diagrams, or contracts to send you." App. at 257. The CNA adjuster explained this lack of documentation by stating, "I've conducted an extensive investigation with our employees and cannot find anyone who recalls this incident in any way, shape or form. I am beginning to have my doubts as to claimant's version of what happened." App. at 257.

Wausau had not responded by August 20, 1997, prompting another letter on behalf of Staples to Wausau. App. at 259. When this met with no response, CNA sent Kline's attorney a letter stating, "Please be advised that we are unable to consider your request for reimbursement. Due to the circumstances of this incident, we tendered this claim to Wausau Insurance to defend and indemnify our insured, Staples. . . . I am sending a copy of this letter to Wausau Insurance, so they can initiate negotiations with you." App. at

4

260.

On October 8, 1997, Wausau responded to CNA and copied the correspondence to Kline's attorney in a letter which stated,

> Please accept this letter as a formal denial of your request for defense and indemnification. <u>The basis for our denial is there appear to be independent acts of negligence alleged against an employee of Staples</u>.

App. at 262 (emphasis added). In that letter, Wausau did not point to any provision in the Wausau Policy that precluded indemnification in the event of independent acts of negligence of an additional insured, nor could Wausau recite any such provision during oral argument before us.

On June 16, 1998, Kline filed suit against Staples. Staples did not forward the <u>Kline</u> action documents to Wausau because Wausau had already denied coverage. Staples used its own defense counsel in order to protect itself in light of Wausau's previous refusal to do so.

The Kline action proceeded to binding arbitration, resulting in an award of $75,000 entered against Staples on June 5, 2000. Staples paid the award, and on June 13, 2000, it tendered a request to Wausau to indemnify it for the $75,000 plus $20,757.96 in attorneys' fees and expenses incurred defending the action.

On July 28, 2000, Wausau sent Staples' attorney a letter stating that

> while Staples did enjoy status as an additional insured under our coverage at the time of this accident, the status was far from unconditional. In order to qualify for protection under our policy, the injury would have to arise out of our work. Our investigation reflects that Mr. Kline was in the Staples'

5

storeroom putting a display together when a stack of folded tables <u>behind</u> him collapsed, hitting him.

To further consider your demand, please submit depositions or other evidence available to you which would counter the initial versions of what took place.

App. at 327 (emphasis in original).

On March 26, 2001, Wausau formally denied the claim for a lack of "substantiation for the basis of making this claim, other than the fact that [Staples was] named as a qualified additional insured under [its] policy." App. at 328. It further noted, "[I]n the first place, the coverage only applies to accidents resulting from the acts of Brenner Associates. In the instant case . . . liability rested with Staples." App. at 328. It also concluded that Staples failed to comply with the "Duties in the event of Occurrence, Offense, Claim or Suit" provision of the Wausau Policy, in particular, the notification requirement and the obligation to provide certain details, and thus forfeited the right to reimbursement under it. App. at 328-29.

Following this denial, on July 31, 2001, Staples sued Wausau seeking a declaratory judgment that Wausau owed a duty to defend and indemnify it in the <u>Kline</u> action and reimbursement for the $75,000 award and costs and fees incurred. Wausau filed a counterclaim seeking judgment in the amount of $6,079 for its workers' compensation lien. The District Court conducted a bench trial on October 7, 2002, and on January 3, 2003, denied Staples' claim and granted Wausau's counterclaim. <u>Staples, Inc. v. Wausau Underwriters Ins. Co.</u>, 2003 WL 21672262 (E.D. Pa. 2003).

In doing so, the District Court concluded that Wausau "did not have a duty to defend Staples at the time of Staples' March 24, 1997 correspondence, because Mr. Kline had not yet filed a Complaint against Staples." Id. at *4. With regard to reimbursement for the actual arbitration award and costs, the District Court concluded that "Staples' failure to cooperate with Wausau Insurance and to provide information necessary to consider Mr. Kline's claim . . . constitute a material breach of Staples' duty to cooperate." Id. The District Court also found that "Wausau Insurance is entitled to recover its Workers' Compensation lien from Staples." Id.

Staples appealed the judgment on January 31, 2003. We consider first whether the District Court erred in finding that Staples was not entitled to indemnification and defense from Wausau under the Wausau Policy.

We review findings of fact under the clearly erroneous standard, and exercise plenary review of conclusions of law. Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991).

## II. DISCUSSION

*A. Defense and Indemnification*

Wausau conceded at oral argument that Staples was covered under the Wausau Policy for this particular matter. Indeed, the District Court found as a matter of fact that Staples was listed as an additional insured, and that "Mr. Kline sustained injuries arising out of the work he was performing as an employee of Brenner Associates . . . ." Staples,

7

2003 WL 21672262, at *2. Wausau does not appeal this finding. Therefore the only remaining question is whether Staples, which had notified Wausau at the time of the occurrence, violated its duty to cooperate by failing to notify Wausau when Kline's complaint was filed, thereby relieving Wausau of any liability under the claim. We hold that Staples did not violate its duty under the policy and therefore that Wausau was not relieved of liability.

First, the District Court's conclusion that Wausau "did not have a duty to defend Staples at the time of Staples' March 24, 1997 correspondence, because Mr. Kline had not yet filed a Complaint against Staples," Staples, 2003 WL 21672262, at *4, constituted an error. Under the Wausau Policy, Staples was obligated to inform Wausau at the time of the occurrence. That Kline's attorney attempted to enter into settlement discussions shortly after the occurrence, but before filing a complaint, underscores the logic behind the timely notification requirement. Had Wausau agreed to defend Staples at this time, the ultimate lawsuit could have been avoided. We reject any suggestion that Staples notified Wausau too soon.

Second, the District Court erred in concluding that Staples failed to cooperate by not providing information necessary to consider Kline's claim. Staples stated "[it does] not have any statements, photographs and diagrams, or contracts to send." App. at 257. Wausau argues that the failure to provide this information prevented it from adequately considering the claim. This argument is disingenuous for several reasons. Wausau

8

specifically denied the claim based on alleged independent acts of negligence, not based on a lack of information. Further, it is difficult to understand what specific information Wausau needed to consider the claim when it was clear that the injury arose while Kline was performing work for Brenner on behalf of Staples. Finally, Staples could not send information that it could not gather. From the record, it appears Staples forwarded Wausau everything in its possession. There was no failure to cooperate in the initial investigation.

Third, Staples was not obligated to inform Wausau of the <u>Kline</u> action. We have stated that "'[w]here an insurance carrier breaches its insurance contract by unjustifiably refusing to defend its insured, it cannot assert as a defense to an action by the insured or the injured party that the insured did not comply with the 'actual trial' provisions of the insurance contract.'" <u>Apalucci v. Agora Syndicate, Inc.</u>, 145 F.3d 630, 634 (3d Cir. 1998) (quoting <u>Brakeman v. Potomac Inc. Co.</u>, 371 A.2d 193, 200-01 (Pa. 1977) (Roberts, J., concurring and dissenting) (citations omitted)). Here, Wausau's refusal to defend its insured, Staples, was unjustified.

Pursuant to the Wausau Policy, Staples informed Wausau at the time of the occurrence, namely Kline's injury. The District Court concluded that Kline's injuries arose out of work he was performing as an employee of Brenner and on behalf of Staples. This puts the incident squarely within the Additional Insured Endorsement provision, and "your work" definition outlined in the Wausau Policy.

9

Despite this, Wausau denied coverage on October 8, 1997 in a letter stating, "The basis for our denial is there appear to be independent acts of negligence alleged against an employee of Staples." App. at 262. Nothing in the Policy provides that Wausau's requirement to defend and indemnify can be excused on the basis of independent acts of negligence. Wausau's initial denial was unjustified thereby relieving Staples of its duty to inform Wausau of the suit. This follows as a matter of law, but also as a matter of common sense. Once Wausau had denied the claim without a good faith reason for doing so, Staples was forced to undertake its own defense. There was no reason to believe that making a second request after Kline filed suit would have elicited a different response from Wausau.

An "insurance company's initial repudiation of the contract in denying liability under the policy relieve[s] the insured of strict performance of those provisions intended for the protection of the insurer." Apalucci, 145 F.3d at 634 (quoting Brakeman, 371 A.2d at 201). Because Wausau's refusal to defend "cut at the very root of the mutual obligation [between the insurer and the insured, it] put an end to its right to demand further compliance with the . . . term of the contract." Id. (internal quotation marks and citation omitted). It follows that the District Court erred when it found that Wausau was not obligated to reimburse Staples for the amount it paid for the arbitration award, and costs and fees associated with the arbitration.

10

*B. Workers' Compensation Lien*

Wausau was also Brenner's workers' compensation insurer. Wausau notified Staples, via letter to its insurer CNA, on February 12, 1997 that it had been called upon to extend workers' compensation to Kline and that no settlement should be made without protection of its workers' compensation lien. CNA did not respond to this letter.

Staples contends that the District Court erred in holding that Staples (the third-party tortfeasor) was required to reimburse Wausau for the amount of its workers' compensation payment to Kline. Pursuant to the Pennsylvania Workers' Compensation Act, the subrogation rights of an employer of an insurer are absolute. The insurer, here Wausau, may recover the entire amount of workers' compensation paid to the injured employee out of any recovery paid by the third-party tortfeasor, here Staples. 77 P.S. § 671. This provision prevents the injured party from receiving a double recovery. Skoda v. National Mines Corp., 249 A.2d 829 (Pa. Super. 1968).

To this end, Wausau notified Staples of its workers' compensation lien by letter to CNA which stated:

> This letter is to advise you of our rights to recovery of all payments.
>
> Under the law we have the right to recovery of all payments made and no settlement should be made with the injured party without protection of our lien for any payments we are called upon to make.
>
> When you are ready to settle this claim, please contact us so that we may advise you of the amount of our lien.

App. at 249.

11

On April 25, 1997, Kline's attorney sent Wausau a letter stating, "Please note my client will certainly protect your lien out of any 3rd party recovery pursuant to the Workers' Compensation Act . . . ." App. at 253.

Staples contends that "while the employer's subrogation rights are generally absolute, they are not automatic and can be abrogated if the subrogee does not exercise 'reasonable diligence.'" Appellant's Br. at 34 (quoting Harford Mut. Ins. Co. v. Decker, 1989 WL 79756, at *4 (E.D. Pa. 1989)). The court in Harford stated that what constitutes "reasonable diligence" is vague, but that it "requires more than mere notice of the insurer's intent to assert a subrogation claim, but less than actual intervention in the third-party action." Id. (quoting Travelers Ins. Co. v. Hartford Accident & Indem. Co., 294 A.2d 913 (Pa. Super. 1972)). In Travelers, the Pennsylvania Superior Court stated that a court must inquire into the nature of the communications between the parties to see whether the subrogation claim was abrogated in any way. Travelers, 294 A.2d at 915.

The notice from Wausau to Staples requesting coverage was clear and unequivocal. Had Staples notified Wausau of the Kline action, Wausau could have taken steps to protect its subrogation rights. Staples' failure to notify it of the Kline suit prevented it from undertaking any such protection.

Staples argues that because Kline's attorney promised to protect Wausau's lien out of any third party recovery, Staples was not required to do so. Wausau's subrogation

12

rights are absolute under Pennsylvania law and cannot be excused because of Kline's failure to fulfill his independent promise. Therefore, the District Court did not err when it concluded that Wausau was entitled to recover its workers' compensation lien from Staples.

## III. CONCLUSION

For the reasons set forth, we will reverse that portion of the District Court's order concluding that Wausau was not obligated to reimburse Staples for money it expended on the arbitration award and in fees and costs defending the <u>Kline</u> action. We will affirm that portion of the order concluding that Wausau is entitled to recover its workers' compensation lien from Staples. The case is remanded to the District Court to enter an order consistent with this opinion.